(CHANCERY.)

## MARSHALL v. P. R. BEVERLEY.

In Equity, a final decree cannot be pronounced until all parties in interest are brought before the Court.

Where a bill was filed for a perpetual injunction, on judgments obtained on certain bills of exchange drawn by the plaintiff, and negotiated to the defendant, and which had subsequently passed from the latter into the hands of third persons, by whom the judgments were obtained ; *held*, that the injunction could not be decreed until their answers had come in, although the bill stated, and the defendant admitted, that he had paid the judgments, and was then the only person interested in them, because such statement and admission might be made by collusion.

APPEAL from the Circuit Court of Virginia.

Carter Beverley, being indebted to the appellant, Horace Marshall, assigned to him several bills of exchange, amounting, in the aggregate, to 900*l.* sterling, which had been drawn by the respondent, Peter R. Beverley, on Bird Beverley, of London, in favour of the said Carter Beverley. These bills were severally transferred, for valuable consideration, by the appellant, to Luke Tiernan & Co., Stewart Montgomery & Co., Jesse Eichelberger & Co., and Cornelius and John Comegys; and having been forwarded by them to London for payment, were protested for non-acceptance and non-payment, and so returned. Suits were instituted by these parties against Peter R. Beverley, on which he confessed judgments. Having been taken in execution,

1820.

Marshall
v.
Beverley.

and imprisoned, he gave bond for the prison bounds, which he broke. A second series of suits were brought on the prison bounds bonds, after judgments on which, he filed the present bill against Horace Marshall, Carter Beverley, Luke Tiernan & Co., Stewart Montgomery & Co., Jesse Eichelberger & Co., Cornelius and John Comegys, and John Brown, charging usury in the transactions between Carter Beverey and Horace Marshall, and a fraudulent sale of certain slaves of Carter Beverley, on which Horace Marshall retained a lien, as a collateral security for his debt; and charging, also, that although the suits were in the name of Luke Tiernan and others, (to whom the bills had been transferred,) they were, in fact, for the complainant's benefit, he having paid to his endorser what was due on those bills. On these grounds, a perpetual injunction was prayed for and awarded. The appellant, by his answer, admitted the last allegation; but denied the usury, and insisted that the sales of Carter Beverley's negroes had been made in strict conformity with the deed of trust under which they were sold. None of the other defendants answered the bill.

March 4th.

This cause was argued by the *Attorney-General,* for the appellant, and by Mr. *Jones* and Mr. *Taylor,* for the respondent.

March 9th.

Mr. Justice LIVINGSTON delivered the opinion of the Court. This is an appeal from a decree in equity, of the Circuit Court for the district of Vir-

ginia; to which the following objections have been made:·

1st. That there is a defect of parties. Although all the persons in interest are made defendants to the bill, yet none of them had appeared to it except the appellant, on whose answer, and the proofs in the cause, the decree was made.

2d. Another objection is, that there was competent relief at law against the usurious contract stated in the bill; but as no defence of this kind was there set up, a Court of Chancery ought not to have interfered, especially after judgment had been obtained on the bills, and even on the prison bounds bonds, which were taken on the execution which had issued on those judgments.

3d. It is also contended, that there was no usury in any of the contracts between the appellant and Carter Beverley, and that the sale of the negroes under the deed of trust was fair, and in strict pursuance of the authority vested in the trustee.

4th, and lastly: Admitting the usury, and a fraud in the sale, it is insisted that the respondent, being an entire stranger to these transactions, had no right to call the appellant to account, or to any relief as against him.

The Court has had under its consideration all these objections; but will now give its opinion only on the first of them. We are all satisfied, that when this decree was pronounced, the case was not prepared for a final hearing. The bills, which had been drawn by P. R. Beverley, having passed by Marshall into the hands of third persons, who had

obtained judgments on them, and it being a principal object of the suit to enjoin further proceedings on them, the parties in whose favour they were rendered, ought not only to have been made defendants, but a perpetual injunction ought not to have been decreed until their answers were filed. It was not enough in their absence that the complainant should state, and the defendant admit, that the latter had paid these judgments, and was now the only person interested in them. This might be done by collusion, and although that may not be the case here, it is not the course of a Court of Equity, to make a decree which is to operate directly upon the parties in interest, as the perpetual injunction does here, without affording them an opportunity of being heard. For this error, the decree must be reversed, and the cause remanded for further proceedings.

Decree reversed.

DECREE. This cause came on to be heard on the transcript of the record of the Circuit Court, for the district of Virginia, and was argued by counsel. On consideration whereof, it is the opinion of this Court, that the said Circuit Court erred in perpetually enjoining the proceedings on the judgments obtained against the respondent, Peter R. Beverley, and the appellant, Horace Marshall, because the bills of exchange, which had been drawn by the said Peter R. Beverley, had passed into the hands of third persons, by whom the said judgments had been obtained, and before the answers of such creditors, who had been made defendants to said bill of complaint, had come

in. It is therefore DECREED and ORDERED, that the decree of the said Circuit Court in this case be, and the same is hereby, reversed and annulled. And it is further ordered, that the said cause be remanded to the said Circuit Court for further proceedings to be had therein according to law.