Curia, per Savage, Ch. J.
There was no evidence to show the defendant in possession of the hay-scales. In the fall of 1825, they stood where the stable now stands. The defendant then removed them into an enclosed field of the lessor of the plaintiff; and has not since occupied them! It was correctly held that the defendant was not in possession.
*As to the stable, it stands on a lot of two acres, conveyed by the lessor of the plaintiff to the supervisors of Chenango county ; and whether the plaintiff is entitled to recover depends upon the validity of the conveyance. The deed is, “ that the said parties of the first part, as well for and in consideration of accommodating the said parties of the second part with a proper and convenient site for erecting a courthouse and jail for said county, as for increasing the valuó *75 4' ;ty owned by the said parties of the first part, to the hereby granted premises, have given, granted, - &c. habendum to the parties of the second part, and their successors in office, and assigns, for their own proper use, benefit and behoof forever. Then follow full covenants.
This deed was given in consideration that a court-house should be built upon the land; which was done, and the lessor’s lands were, in consequence, immediately and materially, enhanced in value by fixing the site, which was done upon the execution of the deed. The defendant is gaoler; and said he was authorised by the supervisors to build the stable.
The plaintiff’s counsel contended the deed was void for want of a consideration.' The judge decided it was valid. The plaintiff’s counsel then contended that if the deed was valid, there was an implied condition, that if the premises should be used for any other purpose than the erection of a court-house and' gaol, the deed should be void; and that the erection of the stable was a- breach of the condition. judge decided otherwise, and nonsuited the plaintiff.
The principal question is, whether there was a consideration to support the deed from the lessor to the supervisors. That a consideration is necessary, was not questioned, and has been so often decided, that the principle is familiar. (3 John. 492. 16 John. 48.) It has been also decided frequently, that to support a deed as a bargain and sale, a pecuniary consideration is necessary.
In the-case of Jackson v. Alexander, (3 John. 492,) the words for value received were held sufficient evidence of a consideration appearing upon the face of the deed, to, conclude the grantor, and give efficacy to the deed as a bargain and sale. Ch. J. Kent there says, that the consideration is •merely nominal, even a pepper com being sufficient, and no enquiry is ever made whether the consideration Was actually paid. Value received was equivalent to saying money ora chattel was received. It is an admission of a quid pro quo.
In the case of Jackson v. Florence, (16 John. 48,) the *76 deed was adjudged void for the want of a pecuniary con sideration. The consideration there stated was the support of the grantor, which the court held not sufficient, because the grantor was under no obligation to afford such support; and it seems conceded, that an obligation to that effect would have been a good consideration. The case of Jackson v. Delancy, (4 Cowen, 430,) was decided upon the same principle. ...
It is not, then, the payment of money alone, which consti tutes a pecuniary consideration; but, in the language of Ch. Justice Kent, a quid pro quo. The establishing of the site of a court-house was, in this case, the quid pro quo, the consideration. [1] That was done simultaneously with the execution of the deed, and the grantor’s property adjacent was immediately enhanced in value in consequence of the location of the public buildings.
There was then a sufficient consideration; and that parol proof is admissible to prove the consideration in a deed, is decided in Jackson v. Fish, (10 John. 456.) [2] Here the proof was in corroboration of the consideration men tioned in the deed.
But it is further contended that there was an implied condition in this deed, that the premises should be used for no other purpose but for the erection of a court-house and gaol. If that be admitted, does it follow that the building a stable upon the lot for the accommodation of the gaoler, works a forfeiture of the grant ? I think not. The grant must have a reasonable construction. 1 Two acres were not *77 necessary to erect a" house upon, less than a hundred feet square. What then becomes of the balance of the two acres ? They are no doubt appurtenant to the court-house and gaol. The gaoler must have a place to reside. He must have the usual conveniences for a family, and the necessary out-houses ; and I should think he might have the use of the other ground for a garden, or any other purpose not inconsistent with the grant. It does not follow that those grounds are to lie waste.
*But, in my judgment, an occupation of the premises in the ordinary mode of occupying village lots, is not inconsistent with the grant.
Motion to set aside nonsuit denied.

 United States Bank v. Housman, 6 Page 526.

 Wilson v. Betts, 4 Denio, 201.
Formerly the consideration mentioned in a sealed instrument was as evidence, conclusive, between the original parties and their privies: but now in New York, it is only presumptive evidence which may be rebutted. See Revised Statutes, 4th ed. 653, § 107. Provided such defence be pleaded, or notice given thereof, at the time of pleading the general issue or some other plea denying the contract on which the action is brought, id. § 108. Case v. Broughton, 11 Wen. 106. Russell v. Rodgers, 15 id. 351. Fay’s Adm’rs. v. Richards, 21 id. 627. Mercerin v. The People, 25 id. 106. Van Epps v. Harrison, 5 Hill, 66. But it cannot be contradicted in a ease free from fraud, to avoid the conveyance. 2 Denio, 336.