## CHASE v. CHASE.

Three promissory notes were given by W. to the wife of C. before. her marriage. After the marriage, C. left the notes with B. for collection, and in Sept., 1827, C. assigned the notes to G. The latter afterwards ascertained that a few days before the assignment, one H. as the agent of the wife, obtained the notes from B. and delivered them to W. and received new notes in his own name. G. then commenced an action of trover in the name of C. against H. for the notes so delivered to W. The wife filed

a bill against C., her husband, claiming the notes, and obtaining an injunction to stay the proceedings at law against H. It was held, that G. had no right to bring an action of trover in the name of C., but his remedy, if any, was either by an action at law in the name of C. and wife against W. to recover the amount of the original notes, or by an action of trover in his own name against H. for a conversion subsequent to the assignment, or by a bill in equity against all the parties, to obtain the possession or proceeds of the new notes.

The assignee of a chose in action may sue at law in the name of the assignor, and to a bill for an injunction to stay the suit at law, the assignee must be made a party, or the court will permit him to proceed in the name of the assignor.

If promissory notes are assigned before a conversion, the assignee alone has a right to maintain an action of trover.

Where the notes were converted before the assignment, the simple assignment of the notes will not authorize the assignee to prosecute in the name of the assignor for the previous tort.

*THIS was a motion founded upon the petition of William C. Gardner for a dissolution or modification of the injunction issued in this cause. The petition stated, that in January, 1826, three promissory notes were given by Job Whitney to Sophia Bacon, who afterwards married the defendant in this cause; that the defendant left the notes with B. Bradford for collection; that in September, 1827, Chase sold and assigned the notes to the petitioner; that the petitioner afterwards ascertained that a few days before the assignment, Healy, acting as the agent of Mrs. Chase, applied to Bradford and obtained the notes, and delivered them up to Whitney, and received new notes in his own name; that the petitioner thereupon commenced an action of trover in the name of Alvah Chase, against Healy, for the notes so given up; that the wife of Chase has filed a bill against her husband in this court, claiming the notes, and has obtained an injunction to stay the proceedings at law against Healy, but has not made the petitioner a party thereto.

THE CHANCELLOR:—If the petitioner had shown any authority to prosecute the action of trover against Healy, in the name of Chase, the injunction would not be permit-

1828.

Chase
v.
Chase.

[*199]

ted to affect his rights, without making him a party to the bill. (*Nugent* v. *Smith*, Moseley's R. 354.) The assignee of a chose in action may sue at law in the name of the assignor;[1] and in such cases, the assignee must be made a party to a bill for an injunction to stay the suit at law, or the court will permit him to proceed in the name of the assignor.[2] In this case, if the notes were assigned before

[1] Courts of law, in this state, under sec. 111, New York Code, have adopted the Chancery practice, as to parties, with a few slight modifications, per Mason, J., in *Wallace* v. *Eaton*, 5 How. Pr. R. 99, 100, and per Parker, J., in *Hollenbeck* v. *Van Valkenburgh*, id. 281, 284. Every action at law must now be prosecuted in the name of the real parties in interest. But an executor or administrator, or a trustee of an express trust, or person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. (Secs. 111, 113.) Previously an action at law, to recover chose in action, should be in the name of the assignor, or if dead, his personal representative, if any; but if there was no executor or administrator, the assignee might sue in his own name. 2 R. S. (2d ed.) 274, sec. 5; *Seeley* v. *Seeley*, 2 Hill, 496; See *Corbin* v. *Emerson*, 10 Leigh, 663; *Bell* v. *Shrock*, 2 B.Mon. 29.

[2] In equity, parties to a suit may be classed under three heads:
1st. Those who may be parties.
2d. Those who should be parties.
3d. Those who must be parties.

*Those who may be parties.*—Are those who have no *real* or *legal* interest, and who, without being *improper*, are not necessary parties; as for example, the assignor of an absolute and voluntary assignment of a judgment, or an equity of redemption. *Beeren* v. *Crane*, 1 Green. Ch. R. 348; *Vreeland* v. *Loubot*, ib. 104, 348; *Chester* v. *King*, id. 405. Or, where a person implicated in a fraud, is made a party, for the purpose of charging him with costs. *M'Closker* v. *Brady*, 1 Barb. Ch. R. 343; S. C., 1 Comst. 214. Or a residuary legatee to a bill by a creditor seeking to charge the general assets of the testator. *Burrwell* v. *Corwood*, 2 How. U. S. 575. But in general no one should be a party, against whom no judgment could be rendered. *Reemsdylke* v. *Kane*, 1 Call. 383; *Vanderpool* v. *Devenport's Ex'rs*, 2 Green. C. R. Where, however, the assignment is involuntary, as if made by operation of law, the assignor must be made a party. *Sedgwick* v. *Cleveland*, 7 Paige, 289; *Mills* v. *Hoag*, id. 21.

*Those who should be parties.*—The *exact* difference between those *who may be*, and those who *should be* parties, is slight, and the line of demarcation

the conversion, the assignee would have a right to maintain the action of trover in his own name, but could not recover in the name of the assignor, who had no interest in the notes at the time of the conversion, and therefore could not be injured thereby. If the notes had been delivered up and cancelled before the assignment, so that Chase had no remedy thereon, but had a good cause of action against Healy for the conversion, the simple assignment of the notes would not authorize the assignee to prosecute in the name of Chase for the previous tort.

If the petitioner has any remedy, it must be either by an action at law, in the name of Chase and wife against Whitney *to recover the amount of the original notes, or by an action of trover, in his own name against Healy, for a conversion subsequent to the assignment, or by a bill in equity against all the parties, to obtain the possession or proceeds of the new notes, to which, perhaps, he may in equity be entitled, subject to the wife's equity.

[*200]

Under the circumstances disclosed in the petition, the suit at law must be considered as an action brought by

often difficult to trace. It is said that it may be done by limiting the class of those who should be parties, to those who have an interest in the *event* of the suit. *Wiser* v. *Blackley,* 1 John. Ch. 438; *King* v. *Berny's Ex'rs,* 2 Green. Ch. 52; *Caldwell* v. *Taggart,* 4 Pet. 190; *Bank Alexandria* v. *Seaton,* 1 id. 306; *Marshall* v. *Beverly,* 5 Wheat. 313; *Wendell* v. *Van Rensselaer,* 1 John. Ch. 349; *Hallett* v. *Hallett,* 2 Paige, 15; see also Am. Ch. Dig. by Waterman, tit. *Parties.*

*Those who must be parties.*—Includes, as a general thing, those who *should be parties,* and extends to all persons *materially* interested, in the matter of the bill, as plaintiffs or defendants. Such persons should be made parties, however numerous they be. *West* v. *Randell,* 2 Mason, 181; *Crocker* v. *Higgins,* 7 Conn. 342; *Wendell* v. *Van Rensselaer,* 1 John. Ch. 349; *New London Bank* v. *Lee,* 11 Conn. 112. The rule as to those who should be parties, is extremely pliable, and may be moulded to suit the ends of justice. *Hallett* v. *Hallett,* 2 Paige, 15, and cases there cited. But the court will not exercise such latitude of discretion, when the rights of persons not before it, are so inseparably connected with the claims of the parties litigant, that no decree can be made without affecting the rights of the former. Id. See sec. 117, N. Y. Code.

Chase in his own right, or brought by the petitioner in his name, without right or authority.

The motion to dissolve the injunction is refused, with costs to be paid by the petitioner.