Clark *v.* Troy.

| 20 | 219 |
|-----|-----|
| 139 | 168 |

## CLARK *v.* TROY.

SECTION twenty-nine of the Act concerning Conveyances, which authorizes an instrument which has been proved in the manner prescribed in that act to be read in evidence with the certificate without further proof, is not limited to instruments to be thereafter executed.

Thus, where a deed was executed in September, 1847, and in December, 1860, proof of the execution was made by the subscribing witness before a Notary, who certified to the same in the form required by the Conveyancing Act: *Held,* that the certificate entitled the deed to be read in evidence.

The term "valuable consideration," as used in the twenty-sixth section of the Conveyancing Act, means a pecuniary consideration, or its equivalent, as distinguished from a good consideration, and has no reference to the adequacy of the price to the value of the property conveyed.

The doctrine of *Call* v. *Hastings,* (3 Cal. 179) and *Stafford* v. *Lick,* (7 Id. 474) that a deed executed before the passage of the Act concerning Conveyances must, in order to prevail against a subsequent deed taken in good faith, and for a valuable consideration, be first recorded—affirmed on the principle of *stare decisis.*

APPEAL from the Third Judicial District.

Ejectment for a tract of land in Santa Clara County.   The premises are part of a tract known as the " Robles," or " Rincon de San Francisquinta " tract, granted by the Mexican Government to José Pena prior to 1847, which grant has been subsequently confirmed

Clark *v.* Troy.

by the Government of the United States. In December, 1847, Pena conveyed the premises, by deed, to J. T. and S. Robles, and from them, through mesne conveyances, plaintiff derives his title. On the eighteenth day of September, 1860, the subscribing witness proved the execution of the deed from Pena to the Robles before a Notary Public, who certified to the same in proper form, and it was then, for the first time, recorded.

Witnesses testified that there were fifteen or twenty dwelling houses on the tract; that it had been constantly occupied by those claiming under the Robles since 1853, and was worth, in August, 1859, from $80,000 to $100,000.

In August, 1859, the widow and heiress of Pena conveyed, by deed to L. Farrar, the entire premises included in the grant for the consideration of five hundred dollars, which deed was duly acknowledged and filed for record on the thirtieth day of August, 1859. In April, 1860, Farrar leased the premises in dispute to defendant, Troy.

The pleadings of the parties set up these respective titles. On the trial, the plaintiff offered in evidence the deed from Pena to the Robles, without proof of its execution further than was afforded by the certificate of the Notary. The defendant objected that the execution was not sufficiently proved. The objection was overruled, the deed admitted, and the defendant excepted.

The Court instructed the jury, among other matters, that the plaintiff's title was superior, and he was entitled to recover, unless Farrar was a purchaser in good faith, and for a valuable consideration, and then gave the instruction set forth in the opinion, to which defendant excepted.

The jury found a verdict for the plaintiff; defendant moved for a new trial, which was refused, and from this order and the judgment he appeals.

*L. Archer*, for Appellant.

I.   Section twenty-nine of the Act concerning conveyances does not apply to instruments executed before the passage of that act. It is expressly provided in section forty-two of the same act, that "the legality of the execution, acknowledgment, proofs, form or

Clark *v.* Troy.

record of conveyance or other instrument heretofore made," etc., " shall not be affected by anything contained in said act." It should be borne in mind that it is provided in section forty-one of the same act, that all conveyances before that time made, acknowledged or proved according to the laws in force at the time, etc., should have the same force, etc., and be recorded, etc. The Legislature would never have passed section forty-one if section twenty-nine had been intended to apply to instruments already made.

It should be remembered, also, that without this section twenty-nine, all instruments would now be governed by the general law requiring the proof of the execution thereof by the subscribing witness, or of hand-writing according to the circumstances.

II. The conveyance from Pena to Robles did not operate as constructive notice to subsequent purchasers until its record in 1860. (*Stafford* v. *Lick*, 7 Cal. 474; *Call* v. *Hastings*, 3 Id. 179.)

III. The fourth instruction given by the Court was erroneous. The amount of the consideration may be inquired into in determining the question of good faith, but the term " valuable consideration " has a well-settled meaning, and includes any money consideration, however inadequate to the value of the property.

*I. Clark*, for Respondent.

I. The certificate of proof to the deed from Pena to Robles entitled the deed to be read in evidence. The plain meaning of section twenty-nine of the Conveyancing Act is, that instruments made before or after its passage are within its provisions, and section forty-one does not require that any different construction should be given to section twenty-nine.

This last section has always been supposed to mean that the act was to have no retroactive effect, either upon the execution or acknowledgment or proof, or recording of an instrument; that the legality of such fact should depend upon the law in force at the date of such fact; that is, if an instrument had been executed prior to the date of the act, but should be proved and recorded subsequently, pursuant to section twenty-nine of that act, then the validity and effect of the instrument would depend upon the law in force at its date; while the legality of the proof and certificate, and

the admisibility of the instrument in evidence, would depend upon the act of 1850.

II.    The instruction given by the Court was correct.    It is contended by defendant's counsel, that the expression "valuable consideration," in the twenty-sixth section, indicates only that amount of money, or its equivalent, which would support a contract at common law—that is, one dime or one cent.    We insist, on the other hand, that it means such a consideration as would support an executory contract in a Court of Equity.    The reason and history of the law show this latter view to be correct.

The English statutes of enrollments said nothing about "good faith" and "valuable consideration."    The subsequent purchaser who got his deed first enrolled, took the title.    It was the Courts of Equity that first insisted that the good faith and consideration of the transaction were things to be inquired into, and that, in their absence, the aid of the statutes could not be invoked.    (10 Johns. 450 ; 1 Burr. 445 ; 2 Kent's Com. 587 ; *Yate* v. *Hillbert,* Ves. Jr. 111 ; *Pennington* v. *Gittings,* 2 Gill. & Johns. 208.)

From Courts of Equity this doctrine passed to Courts of Common Law, and thence the restriction came to be incorporated into the statutes themselves ; and all along, the valuable consideration was insisted on, not as an ultimate, independent fact, which, added to good faith, would bring the conveyance within the statute, but as a prescribed and indispensable *indicium* of the good faith desiderated.

The transaction (the statute means to say) must be free from fraud ; and whatever other circumstances there may be in it, there must not be such gross—such unconscionable inadequacy of consideration—as to indicate fraud.

III.    It was not necessary that our deed should be recorded, as the forty-first section of the Conveyancing Act does not require that previously made conveyances must be recorded to operate as notice. The decision in *Stafford* v. *Lick* is not a correct construction of the statute, and we ask the Court to overrule it.    A dissenting opinion was given, and the doctrine may therefore be considered open to question.

Clark *v.* Troy.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

Section twenty-nine of the Act concerning Conveyances, which authorizes an instrument which has been proved in the manner prescribed in that act to be read in evidence with the certificate without further proof, is not limited to instruments to be thereafter executed; nor do we think such an intent can be gathered from any other portions of the act. Although section forty-one accords to conveyances theretofore made and acknowledged or proved, the same force as evidence as conveyances executed and acknowledged in pursuance of that act, it does not directly or by implication prohibit such conveyances to be acknowledged or proved under that act. In fact, by a strict reading of section forty-one, a conveyance that may have been made before the passage of that act, but which had not been acknowledged, or proved, or recorded, could not be put on record after the passage of that act by virtue of that section alone. But, in the case of *Call* v. *Hastings*, (3 Cal. 179) it was decided that all conveyances, whether executed before or after the passage of that act, must be recorded, in order to protect the holder against subsequent *bona fide* purchasers. Under these circumstances, it would require direct and peremptory language in the act to authorize an inference that it was the intent that conveyances previously executed could not be proved under it so as to authorize them to be recorded. And if they may be proved and recorded under the act, they may, on the same proof, be read in evidence, as the language of the act upon the two subjects is the same, so far as affecting previously executed conveyances. There was, therefore, no error in permitting the deed from Pena to Robles to be read in evidence on the Notary's certificate of proof by the subscribing witness.

After charging the jury that if Farrar was not a purchaser in good faith and for a valuable consideration they should find for the plaintiff, the Court gave the following instruction: " By a purchaser for a valuable consideration is meant one who has paid a fair value, or something approaching to a fair value, for the premises; and in order to determine if Farrar was a purchaser for a valuable consid-

eration, you should consider the actual value of the land purchased in comparison to the purchase price paid." This was erroneous. There is a settled legal definition of the different kinds of consideration. A good consideration is such as that of blood, or of natural affection. A valuable consideration is such as money or the like. Deeds made upon a good consideration only are considered as merely voluntary, and are frequently set aside in favor of creditors and *bona fide* purchasers. When the statute speaks of a purchaser " in good faith and for a valuable consideration," there is no reason to suppose it was intended to employ these terms in this connection as a tautologous expression. The intent is, that the purchase must not only be in good faith, but it must be founded on a valuable consideration, as distinguished from a merely good consideration. In other words, that a voluntary deed, although taken in good faith and first recorded, will not have preference over a prior deed. The mode in which the terms are connected indicates the intent with which the latter was used. In good faith *and* for a valuable consideration. The inadequacy of price is a circumstance proper to be considered in determining the question of good faith, but it will not the less fall within the legal definition of a valuable consideration, however disproportioned it may be to the value of the land.

We are urged to uphold the verdict in this case by overruling the case of *Call* v. *Hastings*, (3 Cal. 197) and the case of *Stafford* v. *Lick*, (7 Cal. 474) and deciding that a deed executed before the passage of the Act concerning Conveyances, (April 16th, 1859) need not be recorded, in order to prevail against a subsequent deed taken in good faith and for a valuable consideration, and first recorded. Without intending to intimate an opinion whether those decisions were correct or not, we think they have stood too long as a rule of property to be now set aside by the decision of this Court. Although some instances of fraud may arise under their operation, this danger is greatly diminished by the lapse of time, and a safeguard is also found in the provision that the purchase, to prevail against a prior deed, must be in good faith. At any rate, if policy would require a change in the law, it should be made by the Legislature.

Judgment reversed and a new trial ordered.