## WILLIAM SHARON, APPELLANT, *v.* PETER DAVIDSON, RESPONDENT.

PRIOR POSSESSION—QUESTION OF FACT. In ejectment for land, on the ground of prior possession, if there is some evidence tending to prove acts of appropriate domain, its sufficiency is a question of fact for the jury, and not one of law for the court to decide.

INSUFFICIENCY OF EVIDENCE—NONSUIT. In ejectment based on prior possession, it is error to grant a nonsuit on the ground of insufficiency of the evidence to show prior possession, where there is some evidence tending to show such prior possession.

EVIDENCE—DEEDS MADE PRIOR TO STATUTE OF CONVEYANCES. A deed made prior to the Act of November 5, 1861, concerning conveyances, but acknowledged as provided therein, is admissible in evidence, such acknowledgment being competent *prima facie* proof of its execution.

ONE TENANT IN COMMON MAY RECOVER ENTIRE PROPERTY FROM A STRANGER.
A tenant in common of real estate may recover the entire common property
in ejectment as against a stranger.

APPEAL from the District Court of the Third Judicial District,
Washoe County.

This was an action of ejectment brought to recover one hundred
and sixty acres of land, commonly called the " Chapin Tract," on
Steamboat or Galena Creek, in Washoe County, and sixteen
thousand dollars damages for detention thereof and waste.

The deeds referred to in the opinion were :

*First*—Deed from William F. Bryant and others to Samuel A.
Chapin, dated July 26, 1860, acknowledged July 27, 1860, before
Lucien Herman, United States Commissioner for the Second Judi-
cial District of Utah Territory; and afterwards on April 4, 1863,
reacknowledged by Lucien Herman, as witnessed before George E.
Brickett, Notary Public in Storey County.

*Second*—Deed from Annis Merrill and others to Samuel A.
Chapin and George N. Houston, dated September 24, 1860,
acknowledged September 24, 1860, before Clinton Palmer, as
Notary Public, in the City and County of San Francisco, Califor-
nia, and also as United States Commissioner for Utah Territory,
resident in San Francisco, California.

*Third*—Deed from Redick McKee and George Gilmore to
Samuel A. Chapin and George W. Houston, dated October 30,
1860, acknowledged by Redick McKee, November 5, 1860, before
Leander Quint, Notary Public in Tuolumne County, California,
and by George Gilmore, November 21, 1860, before Clinton
Palmer, Notary Public, in the City and County of San Francisco,
California.

*Fourth*—Deed from Samuel A. Chapin to James P. Flint and
others, Trustees of the Sierra Lumber and Mining Company of
Washoe, dated October 30, 1860, acknowledged the same day
before Clinton Palmer, as United States Commissioner for Utah
Territory, resident in San Francisco, California; and again on
November 13, 1860, before T. A. Waterman, Justice of the
Peace, in Carson County, Utah Territory.

The official characters of Clinton Palmer and Leander Quint, as Notaries Public, were certified to by the County Clerks of their counties.

*E. W. Hillyer*, for Appellant.

## I.

The testimony excluded touching the acts done, was material and relevant. (1 Greenleaf Ev. Sec. 51, (a) 53, a; 1 Wallace, 359; *Plume* v. *Seward*, 4 Cal. 94; *Minturn* v. *Burr*, 16 Cal. 107.)

## II.

The deeds should have been admitted. (Brightly's Digest, 94, 167, 705; Statutes of 1861, 15, 16, Secs. 29, 39; *Mott* v. *Smith*, 16 Cal. 551; *St. John* v. *Crase*, 5 Hill, 573; *Truman* v. *Cameron*, 24 Wend. 87; *Morris* v. *Walworth*, 17 Wend. 103; 1 Greenleaf Ev. Sec. 572; *Stevens* v. *Irwin*, 12 Cal. 308; *Smith* v. *Brannan*, 13 Cal. 115.)

## III.

Province of Judge as to determining sufficiency of evidence. (1 Greenleaf Ev. Sec. 49; 1 Starkie Ev. 414 *et seq.*; *Ringgold* v. *Havens*, 1 Cal. 108; *Plume* v. *Seward*, 4 Cal. 95, 97; *De Ro* v. *Cordes*, 4 Cal. 117; *Cravens* v. *Dewey*, 13 Cal. 40; *Minturn* v. *Burr*, 16 Cal. 107; *Kelly* v. *Kelly*, 3 Barb. 419; *Labar* v. *Koplin*, 4 Conn. 547; *Schucharb* v. *Allen*, 1 Wallace, 259; *Staininger* v. *Andrews*, ante, p. 59; *Famber* v. *Houston*, 1 Nev. 469; *Payne & Dewey* v. *Treadwell*, 16 Cal. 243; Practice Act, Secs. 145, 155.)

## IV.

One tenant in common may recover the whole premises. (2 Greenleaf Ev. Sec. 317; 3 Bibb, 304; 1 Bibb, 510; 4 Bibb, 358; 2 Pick. 387; 3 Pick. 51; 9 Pick. 259; 2 Caines, 169; 12 Johnson, 185; *Treat* v. *Riley*, S. C. Cal. Ap. Term, 1868.)

*H. B. Cossitt*, and *Wallace and Flack*, for Respondent.

## I.

Mr. Chapin located this tract in the name of some forty residents of San Francisco, Virginia, and New York cities, none of whom

were ever on or ever saw any portion of it. From these parties plaintiff deraigns title, and attempted to introduce their several deeds of conveyance, which were rightfully ruled out by the Court, for the reasons that—

1. They were made prior to the organization of the State of Nevada.

2. Not having been acknowledged by any officer recognized by the Territory or State of Nevada, as proof of such acknowledgments, recourse should have been had to the common law mode of proof; but the testimony of the subscribing witnesses was not produced.

## II.

The nonsuit was properly granted, for the reason that there was not sufficient evidence to show a distinct marking of the boundaries of the tract, nor any actual occupation within the boundaries. (*McFarland* v. *Culbertson*, 2 Nev. 282.)

By the Court, WHITMAN, J.

Plaintiff appeals from a judgment of nonsuit rendered against him in the District Court of the Third Judicial District.

The action was to recover certain real property (timber land) and damages. Peter Davidson, the only defendant served, answered, claiming title. The following reasons were assigned for the judgment: First. "That the original marking of the lines of the Chapin tract and sufficient defining of the boundaries of said tract by the parties locating the same, is not so shown by the testimony adduced as to make a *prima facie* case." Second. "That it is not shown by the evidence that the plaintiff is the owner of the legal title of the parties who originally entered into possession by their cotenant Chapin; but on the other hand, that the proof shows that the interests of the said other cotenants still exist, while they do not appear as parties either plaintiff or defendant."

There was evidence tending to prove a survey, a marking of lines by blazing and felling trees, building a mill and other houses, cutting timber and wood, and other acts of appropriate dominion. Whether this was sufficient to establish plaintiff's claim was for the

jury, not the Court, to decide. (*Staininger* v. *Andrews, ante*, p. 59.)

Several deeds, purporting to convey the remainder of the original title to plaintiff, were excluded upon the ground that there was no proof of their execution, as they were made before the passage of the " Act concerning conveyances," approved November 5th, 1861, but acknowledged as provided therein. Under a similar statute, the Supreme Court of California decided such acknowledgment competent *prima facie* proof of execution. ( *Clark* v. *Troy*, 20 Cal. 219.) It undoubtedly is. The error of excluding these deeds probably created the second ground of nonsuit; but if not, one tenant in common may recover the entire common property as against a stranger. The nonsuit was improperly granted upon either ground.

The judgment is reversed, and cause remanded.