[No. 1584.  Filed March 9, 1896.]

WILLIAM J. HANNEGAN et al., Respondents, v. CHARLES I. ROTH et. al., Appellants.

ACTION TO QUIET TITLE — PARTIES PLAINTIFF — WAIVER OF DEFECT OF NON-JOINDER.

Where a defect of parties plaintiff has not been raised in the court below by demurrer or answer, objection thereto is waived, and cannot be urged on appeal.

While a court will not proceed to final judgment in the absence of a necessary party, it will not dismiss the action on account of the non-rejoinder of such party, but will retain it until all necessary parties are brought in, after which it will proceed to judgment on the merits.

Under Code Poc., § 529, authorizing any person having a valid subsisting interest in real property to maintain an action to quiet title thereto, the action may be maintined by any or all of the tenants in common.

OPINION ON RE-HEARING.

ANDERS, J.— On June 3, 1895, this court filed its opinion in this case (ante, p. 65) and the same is reported in 40 Pac. 636. The judgment of the trial court was reversed, and we were then inclined to the opinion that, upon the pleadings and the facts as found by the court, the cause ought to be dismissed as

to all of the respondents. But, entertaining some doubt upon that question, we ordered a re-hearing, on petition of respondents, and the cause has accordingly been re-argued by counsel for the respective parties.

The facts of the case are set forth in our former opinion, and need not now be re-stated in detail. On the former hearing we declined to consider the evidence embodied in the statement of facts, on the ground that the exceptions to the findings of the court were not in conformity with the statute, and we perceive no reason for changing our ruling in that respect. The action was instituted under §§ 529 and 544 of the Code of Procedure, and the complaint alleged, and the court decreed, that plaintiffs were owners in fee, as tenants in common, of the whole of the tract of land described in the complaint. But we held before, and still hold, that as to Thomas Flint and Llewellyn Bixby, no such conclusion could legitimately be drawn from the established facts. It cannot be said that Thomas Flint and Llewellyn Bixby are the owners of an undivided one-third interest, or of any interest, in the premises in controversy by reason of the fact that they are the surviving members of a firm whose affairs have never been settled and adjusted, and which may have been the equitable owner of the one third interest which stood in the name of the other partner, Benjamin Flint, at the time of his death. If that partnership owed no debts at the time it was dissolved by the death of Benjamin Flint, then these surviving members are entitled in equity to their respective interests therein, whatever they may be; but, for aught that appears in the record, the whole of the interest of the firm in this property may be required to pay its debts, and if such should be the case, these surviving members may ultimately be entitled to no interest whatever. At all

events, the interest of the respondents, Flint and Bixby, if any, in the premises in question, is not apparent; and inasmuch as neither the lower court nor this court can determine, in this action, what their rights are in property belonging to the firm of which they were members, it follows that they are not entitled to the relief awarded them by the judgment and decree of the superior court.

It is urged by the appellants that the judgment should be reversed as to all of the respondents for the reason that they have sued jointly, and the action is such that the rights of all persons interested cannot be determined in the absence of the heirs of Benjamin Flint, deceased, or the administrators of his estate; and they claim that to hold otherwise would be to entirely disregard the provisions of § 143 of the Code of Procedure. But, we are of the opinion that there is at least one fatal objection to appellants' contention that there is a defect of parties plaintiff, and that is that it was not properly raised in the court below. It was not taken either by demurrer or answer, and was therefore waived (Code Proc. § 193), and the motion to dismiss on that ground was properly denied. But if that were not so, it would not follow that the action should be dismissed. While a court will not proceed to final judgment in the absence of a necessary party, it will not dismiss the action on account of the non-joinder of such party, but will retain it until all necessary parties are brought in, after which it will proceed to judgment on the merits. *Marshall v. Beverley*, 5 Wheat. 313; *Caldwell v. Taggart*, 4 Pet. 190; Pomeroy, Code Remedies, §§ 292, 293.

Moreover, we think the rights of the respective respondents are not so dependent upon, or united with, each other, that separate relief may not be granted in

favor of one or more of them. The Code provides that:

"The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall cause them to be brought in." Code Proc. § 150.

This section is supplemental to, and explanatory of § 143, which prescribes what persons may be parties to an action as plaintiffs and as defendants.

It appears that each of the respondents Hannegan is an owner in fee of an undivided portion of the land in controversy, and that the respondent Briggs is the owner of an undivided one-third thereof. Each of these parties is therefore a tenant in common with all other owners, and, therefore, has a valid, subsisting interest in the common premises. Under the statute, any person having a valid, subsisting interest in real property may maintain an action to quiet, or remove a cloud from his title, or to recover possession thereof. Code Proc., § 529.

It therefore logically follows that either Briggs or one of the Hannegans might have maintained a separate action against appellants herein, and the fact that they have all joined in this action will not defeat the rights of either, or any, of them. As each tenant in common is entitled to the possession of the entire common estate, any one of such tenants may recover such possession in an action in which he is the sole plaintiff (*Hart v. Robertson*, 21 Cal. 346; *Sharon v. Davidson*, 4 Nev. 416); and the same principle is applicable to the case at bar, by virtue of the statute. And inasmuch as the rights of all parties now before the court may be determined without prejudice to the

rights of any other persons who are not parties, we are of the opinion that the respondents, Hannegan and Briggs, are entitled to relief, under §§ 150 and 407 of the Code of Procedure, upon the findings of the trial court, and that, as to them, our former decision was erroneous.

The judgment of the court below will therefore be affirmed as to respondents William J. Hannegan, Thomas P. Hannegan and Leroy H. Briggs, and reversed and the cause dismissed as to Thomas Flint and Llewellyn Bixby.

GORDON. and SCOTT, JJ., concur.

HOYT, C. J. (*dissenting*).—I concur in the affirmance of the judgment as to the respondents William J. Hannegan, Thomas B. Hannegan and Leroy H. Briggs, but dissent from that part of the foregoing opinion which holds that the judgment should be reversed and the cause dismissed as to respondents Thomas Flint and Llewellyn Bixby. In my opinion the surviving partners were entitled to the possession and control of the partnership property until an administrator of the deceased partner and of the partnership estate had been appointed. See *Dyer v. Morse*, 10 Wash. 492 (39 Pac. 138); also, *Barlow v. Coggan*, 1 Wash. T. 257. Incident to this right of possession and control was the right to maintain an action against a stranger to quiet the title of the partnership and of themselves as surviving partners.

DUNBAR, J.—I concur in what Chief Justice Hoyt has said above.