[Sac. No. 1004.    Department Two.—May 27, 1903.]

R. J. A. ADEN, Appellant, v. CITY OF VALLEJO et al.,
Respondents.

TIDE-LANDS—PATENT FROM STATE—WHARF—UNRECORDED DEED—PRIOR RECORD OF SUBSEQUENT DEED.—Assuming the validity of a patent from the state to tide-lands under which plaintiff claims title to a wharf and the land thereunder, yet where a subsequent deed from the patentee to the city for a valuable consideration was first recorded without notice of the prior unrecorded deed, the title to the land and wharf became vested in the city.

ID.—POSSESSION UNDER FRANCHISE—NOTICE TO CITY.—The possession by the plaintiff of the wharf under a franchise from the city to maintain it was not inconsistent with the title of record, and was not of a character to put the city upon inquiry as to the title of the plaintiff under the unrecorded deed, and where such possession had apparently terminated when the city acquired the title of record from the patentee and first recorded its deed, it is not affected by constructive notice of the unrecorded deed.

ID.—CONSIDERATION OF DEED TO CITY—RESERVATION OF ACCESS TO WHARF—LOSS OF TOLLS.—The deed to the city from the patentee, which contained a reservation to the grantor and his assigns of free access or right of way to or from certain lots adjoining the public street and to and from any wharf which may at any time be upon said street, was founded upon a valuable consideration. Such reservation was in effect a grant from the city to the grantor of such right of access, and such grant and detriment to the city in the loss of any right to impose tolls upon the grantor or his assigns, as upon others using the wharf, constitutes a valuable consideration for the deed.

ID.—CONSTRUCTION OF CODE—"GOOD CONSIDERATION"—"VALUABLE CONSIDERATION."—The term "good consideration" used in section 1605 of the Civil Code is not used in the ancient technical sense, as that of blood or natural affection, but as equivalent to the term "valuable consideration."

APPEAL from a judgment of the Superior Court of Solano County and from an order denying a new trial. A. J. Buckles, Judge.

The facts are stated in the opinion.

F. W. Hall, for Appellant.

A franchise was granted by the state to Powell for twenty years, on April 18, 1857. The patent to Houghton was granted

in 1863, and at the expiration of the state's franchise, in 1877, Powell, then remaining in possession, obtained another twenty-years' franchise to himself from the city. This franchise was inconsistent with a title then remaining in Houghton, and was constructive notice that Powell claimed the title to the wharf as against Houghton, and any subsequent purchaser was chargeable with notice that Houghton's title had passed to Powell. (*Smith* v. *Yule*, 31 Cal. 180; [1] *Killey* v. *Wilson*, 33 Cal. 691.) The deed to the city was not for a "valuable consideration," but only for a "good consideration." (Civ. Code, sec. 1605.)

L. G. Harrier, and J. M. Gregory, for Respondents.

The city has the right to wharf out on navigable waters. (Stats. 1899, p. 381; *Illinois Cent. R. R. Co.* v. *Illinois*, 146 U. S. 387; *Oakland* v. *Oakland Water Front Co.*, 118 Cal. 160, 183, 184, 185; *People* v. *Kirk*, 162 Ill. 146; [2] *Illinois Cent. R. R. Co.* v. *Illinois*, 173 Ill.. 471; 176 U. S. 646.) The city acquired title by deed as against the plaintiff for a valuable consideration. (5 Am. & Eng. Ency. of Law, 1st ed., p. 456, note 1; Devlin on Deeds, 806.) The permission to use a wharf free of tolls is a valuable consideration. (6 Am. & Eng. Ency. of Law, new ed., p. 741.)

SMITH, C.—The suit here is to enjoin the city of Vallejo from removing the wharf at the foot of Virginia Street in said city, and erecting a new wharf in its place. The board of trustees are also made defendants, but for convenience of expression, the city will be referred to, *eo nomine*, as though the sole defendant. The judgment in the lower court was adverse to the plaintiff, who appeals from the same, and from an order denying his motion for a new trial.

The plaintiff and two associates are the successors of one Powell, to whom, by an ordinance of the city, of date July 10, 1877, there was granted a franchise to erect and maintain the wharf in question for the term of twenty years. The wharf was accordingly constructed and maintained by Powell, to whose rights the plaintiff and his associates succeeded September 21, 1895. On the expiration of the term the city refused to renew the franchise, and, without tendering to the plain-

---

[1] 89 Am. Dec. 167.        [2] 53 Am. St. Rep. 277, and note.

tiff or his associates any compensation for the present wharf structure, commenced proceedings to remove the same, and to erect in its place another wharf, which are the proceedings sought to be enjoined.

In the original complaint there is no allegation as to the ownership of the land on which the wharf stands, except the allegation that when the suit was commenced the city was not the owner or entitled to the possession of it. But it is alleged in a supplemental pleading that the plaintiff and his associates have become the owners of the land since the commencement of the suit; and in support of these allegations there was introduced in evidence by the plaintiff: (1) A patent from the state of date April 3, 1863, issued to one Houghton, purporting to grant to him the land described as "Survey No. 3, State Tide Lands," etc., including the land in question; (2) a deed of date June 11, 1867, from Houghton to Powell, and the heirs of one Likens, purporting to convey to the grantees the land covered by the wharf; and (3) mesne conveyances from Powell to the plaintiff and his associates (the deed to plaintiff being of date June 30, 1898), purporting to convey to them the land in question.

But the deed from Houghton to Powell was not recorded until June 9, 1898, and on February 18th of that year, it is found, Houghton, by deed of that date, recorded the same month, "for a valuable consideration," conveyed the land under the wharf, and other land, to the city, which took without notice of the unrecorded deed; and hence, assuming the facts to be as found, and assuming also the validity of the patent, the title to the land, and with it the wharf structure, became vested in the city. (Civ. Code, sec. 660.)

It is indeed objected by the appellant that the findings as to consideration and as to notice are not justified by the evidence; but the objections, we think, are untenable. As to the latter, the specific claim of the appellant is, that by his possession under the franchise the city was affected with notice. But the possession of the appellant had apparently terminated before the making and recording of the deed to the city; and even while it endured it was "consistent with the title appearing of record," and therefore referable to it, and hence not of a character "to put the purchaser on inquiry." (*Schumacher* v. *Truman,* 134 Cal. 430, and cases cited, p. 432.) As to the

consideration of the deed, it is admitted there was none, "unless the reservation set out in said deed be deemed a valuable consideration." But this, we think, was the case. The passage in the deed referred to is, "This conveyance reserves to the parties of the first part and their assigns free access or right of way to or from any lots adjoining either line of said Virginia Street, to and over any wharf which may at any time be upon said street," which, in the technical sense of the term, is a "reservation," as distinguished from an "exception," and is therefore in the nature of a grant to the grantor. (Bouvier's Law Dictionary, word "Reservation," and also "Exception"; *Seymour* v. *Courtney,* 5 Burr. 2817; 5 Am. & Eng. Ency. of Law, 1st ed., note 1.) Its effect is to grant to the parties of the first part in the deed and their assigns "access or right of way" from any of the lots described to and over the wharf to the water-front, and from the water-front to the lots,—a privilege not only of value to the beneficiaries personally and as owners of land abutting on the street, but also a detriment to the city, which otherwise would have been empowered by its charter to impose tolls on the parties of the first part and their assigns, as upon others using the wharf. (Stats. 1899, sec. 25, subd. 35.) It therefore constituted a valuable consideration for the deed. (Anson on Contracts, 68; *Jackson* v. *Pike,* 9 Cow. 69, cited in Devlin on Deeds, sec. 806.) It comes also within the description of a valuable consideration, as being "such as money or the like," given in the cases cited by the appellant (*Clark* v. *Troy,* 20 Cal. 219; *Frey* v. *Clifford,* 44 Cal. 335); and also within the definition given of "a good consideration" in section 1605 of the Civil Code, where the general definition is applied to the case of a promise, and where the term "a good consideration" is not used in the ancient technical sense, "as that of blood or natural affection" (*Clark* v. *Troy,* 20 Cal. 219), but as equivalent to the term "a valuable consideration." Nor can the objection be sustained that the easement granted does not extend to the portion of the wharf extending below the old line of low water, but is limited to the portion of the wharf within the latter line, which, it is claimed, is only "an approach to the wharf." It extends obviously to the whole wharf. Nor is the objection more tenable that the benefit granted was one to which Houghton, in common with the public generally, was lawfully entitled, and the detriment suffered

by the city one it was lawfully bound to suffer. Whether the reservation extended to the free right of "wharfage and dockage" need not be inquired. It at least exempts the beneficiaries from "tolls," which the city, by section 35 of this charter, would otherwise have the right to impose.

It follows that the plaintiff has no cause of action against the city. But in thus holding, we are not to be understood as affirming the validity of the Houghton patent, as our conclusion must be the same, whether it be valid or the contrary. In the former case the title to the land is in the city; in the latter, it is in the state, and the city, by its charter, is authorized to erect and maintain the wharf.

We advise that the judgment and order appealed from be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Henshaw, J., Lorigan, J.