[No. 4895.  Decided April 12, 1904.]

CARL A. SANDER *et al., Respondents,* v. CHARLES H. WILSON *et al., Appellants.*[1]

IRRIGATION—WATERS—ACTION TO ENJOIN DIVERSION—PLEADING—PARTIES DEFENDANT—WHEN UNNECESSARY. In an action by a lower riparian owner on W creek to restrain the wrongful diversion of the upper waters therefrom into D creek, which naturally received part of the flow from W creek, an answer setting up that many riparian owners on D creek other than the defendants had been using the waters naturally flowing in D creek, and asking that they be made parties, does not raise a defect of

[1]Reported in 76 Pac. 280.

parties defendant, where there is nothing to prevent the court from passing on the rights of the parties before it, and where the answer does not allege that such parties were using the waters adversely to plaintiff.

SAME—DOCTRINE OF APPROPRIATION CONFINED TO PUBLIC LANDS —PRIOR RIGHTS NOT AFFECTED BY ACT OF 1873.   The doctrine of the prior right to waters for irrigation by appropriation applies only to public lands, and the act of 1873, declaratory thereof, does not apply when the lands cease to be public, and has no application to riparian rights which had become fixed prior thereto.

SAME—IMMATERIAL ISSUES—PRIORITY OF APPROPRIATION BY PAR-TIES DISCLAIMING ADVERSE INTEREST.   In an action to enjoin the diversion of waters from W creek into D creek, where the whole controversy is over the question of whether any such diversion has been made, the priority of appropriation of the parties using the waters naturally flowing into D creek, and who disclaim any right to the waters naturally flowing in W creek, is not material.

SAME—DECREE DETERMINING AMOUNT OF WATER TO WHICH PAR-TIES ARE ENTITLED—DEFINITENESS.   A decree determining that the plaintiffs were entitled to 1,300 inches of water in W creek, measured under a four-inch pressure, according to the custom of miners, and giving the defendants a right to move for a modi-fication of the decree if circumstances warranted it, to obtain any surplus that might thereafter exist, is sufficiently definite and certain.

Appeal from a judgment of the superior court for Kitti-tas county, Rudkin, J., entered March 30, 1903, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, determining the rights of riparian owners to waters for purposes of irrigation.   Af-firmed.

*Pruyn & Slemmons,* for respondents.

*Graves & Englehart,* for appellants.

DUNBAR, J.—This is an action brought in the superior court of Kittitas county, involving the right to the use of the waters of Wilson creek and Dry creek.   The plaintiffs and intervenor (who claims through the plaintiffs) claim

the first right to the use of the waters of Wilson creek, by virtue of appropriation through riparian rights. The plaintiff Carl A. Sander settled upon the land, through which the waters of Wilson creek flow, in April, 1871, with the intention of obtaining title thereto, pursuant to the preemption laws of the United States, and thereafter on the 1st day of September, 1871, he made filing upon, and application for, said land, pursuant to said preemption laws, and thereafter continuously resided upon and cultivated said lands, in compliance with said laws, until the 1st day of May, 1874, when he made final proof and payment for said land, and applied for letters patent therefor, and patent was issued to him by the government of the United States on the 10th day of February, 1875.

Plaintiffs allege in their complaint, that said Carl A. Sander has ever since been in possession of said lands, and been the owner thereof, except as to the interest conveyed to the intervenor, and that he has continuously cultivated it; that other parties, mentioned in the complaint, had obtained title to a portion of the land irrigated by said waters, and had, in due course, conveyed the same to plaintiff Carl A. Sander; and that he had irrigated the whole tract of land from the waters of said Wilson creek, which flow naturally over his land, until the same was diverted by the action of the defendants in lowering the head of Dry creek, a creek which separates from Wilson creek about six miles above the land of the plaintiffs. The plaintiffs, respondents here, make no claim to the waters which naturally flow down Dry creek, but their action is based wholly upon the claim that the head of Dry creek has been enlarged by artificial means, so that more water flows down Dry creek than would naturally flow therein; while it is contended by the defendants that about half the water

flowing in Wilson and Dry creeks, together, naturally flows down Dry creek, and that the head of Dry creek has not been lowered so that more than its natural share of water comes down through it. This is the main contention in the case.

The answer is exceedingly long, and the court sustained a demurrer to the second, fourth, and fifth affirmative defenses, set up in the first answer of defendants, to which rulings the defendants excepted, and stood upon their defenses. There is no argument in appellants' brief upon this branch of the case, and it is a little difficult to understand their objections to the action of the court in sustaining the demurrer. But we judge, from the first affirmative defense, and from the cases cited by appellants to sustain their contention that the court erred in sustaining the demurrer, that the contention is that there was a defect of parties defendant.

The answer set up the fact that the waters of Dry creek have been continuously used upon lands other than the lands of the appellants, for beneficial purposes, and that many of these owners have not been made parties to this proceeding, and the answer asks that all the parties interested, or that use or claim rights to said waters, be made parties hereto, so that the rights of all persons interested may be determined in this suit—setting forth the names of the parties interested, so far as known. The cases of *Ralph v. Lomer*, 3 Wash. 401, 28 Pac. 760, and *Hannegan v. Roth*, 12 Wash. 695, 44 Pac. 256, do not throw much light on the subject under discussion. In *Ralph v. Lomer* it was simply held that the question of a defect of parties plaintiff in an action, not having been raised in the court below, would not be considered in the appellate court. The same proposition was asserted in *Hannegan v. Roth, supra,*

but, in addition, it was said there that the rights of the respective parties respondent were not so dependent upon, or united with each other, that separate relief might not be granted in favor of one or more of them. And in this case, if the allegations of the answer are true, there is nothing to prevent the court passing upon the rights of the litigants before it. At least, the decree in this case, not running against the defendants suggested in the answer as proper parties defendant, would not in any way prejudicially affect the rights of the appellants. The object of the complaint was to determine whether the appellants should be enjoined from the wrongful diversion, from Wilson creek, of a portion of its waters, and the determination of this question does not, in any measure, hinge upon the question as to whether or not other parties may or may not have been diverting said waters from their proper use. Besides, the answer does not allege that these third parties were making any claim to the waters of Wilson creek, or were at that time using them adversely to the respondents; and, if this were not shown, the respondents would have no cause of action to enjoin these parties, no matter what they may have done in times gone by.

The fifth affirmative defense, to which a demurrer was sustained, was an allegation that the Yakima Valley, in which the land described is situated, was a dry and arid country, and that artificial irrigation was necessary to its cultivation; and alleged a custom that had given to the first appropriators of the waters of a stream for beneficial purposes the first and prior and better right to use the waters so appropriated; and that, declaratory of these uses and customs, the legislature of the territory of Washington, at their session in 1873, passed an act which applied to Yakima County, wherein it was declared that, in all con-

troversies affecting the right to water in the county of Yakima — whether for mining, manufacturing, agricultural, or other useful purposes—the rights of the parties should be determined by the dates of the appropriation respectively. This defense was an immaterial one, under the decision of this court in *Benton v. Johncox,* 17 Wash. 277, 49 Pac. 495, 39 L. R. A. 107, 61 Am. St. 912, where it was held, in construing this section of the statute set forth in the answer, that the doctrine of appropriation applied only to public lands, and that when such lands ceased to be public and became private property, it was no longer applicable, and that it did not apply as against rights which had become fixed prior to the act. It would not be important in this case in any event, because the appellants disclaim any right to any of the waters except those which naturally flow down the bed of Dry creek, and the respondents make no claim to such waters; the whole controversy in this case being over the question of whether or not the head of Dry creek had been lowered or raised, so that in one instance more than the just proportion of water would flow down Dry creek, and in the other more than a just proportion of the whole volume would flow down Wilson creek. This was the theory upon which the case was tried.

No error was committed by the court in sustaining the demurrer to the sixth affirmative defense, for the matters therein stated would not, under any circumstances, constitute an estoppel. An examination of the testimony in this case convinces us that it overwhelmingly supports the findings of the court in every essential particular, and that the amount of water which naturally flows down Wilson creek has been decreased by lowering the head of Dry creek. A particular discussion of the testimony would not be beneficial.

It is also insisted by the appellants that the decree, as rendered, is too indefinite and uncertain. The decree provides, "That the plaintiffs and intervenor are entitled to the perpetual use of, and to have the perpetual flow of, the waters of Wilson creek, through said Wilson creek down to the head of their ditches in Wilson creek, on the lands of plaintiffs, of 1,300 inches of water, measured under a four-inch pressure according to the custom of miners; that they are hereby declared to be the owners of the right to use said water, and their title thereto, as against the defendants herein, and each of them, is hereby quieted; that their right to such use is as follows: The intervenor is entitled to the use of the first 225 inches of said amount, and the plaintiffs to 1,075 inches of said amount."

It seems to us that this decree is definite and certain as to the amount of water which is to be decreed to the use of the respondents. The decree makes other provisions, which it is not necessary to mention, for the purpose of carrying out the main provisions of the decree, and enjoins the appellants from in any manner interfering with the waters of Wilson creek so as to prevent in any manner a full flow of 1,300 inches of the waters of Wilson creek—being such as naturally flow therein—from coming down to the lands of the respondents, and from in any manner interfering with the banks of Wilson creek; and further provides, "that, at any time the defendants, or either of them, deem themselves or himself able to show that with the bed and banks of Wilson creek, at the head of Dry creek, in the condition aforesaid [that is, the condition specified by the decree], there will flow a greater amount of water down to the lands of plaintiffs than is necessary to supply and furnish the plaintiffs and intervenor with 1,300 inches of water, then said defendants or defendant shall have the right to move

the court to modify this decree, so as to permit them to have the right to divert any such surplus into Dry creek, to use for any beneficial purpose."

It seems to us, not only that this is a definite decree, but that it is a just one, looking to the interests of both respondents and appellants in the action. Of course, it is more or less of an onerous duty, that is imposed upon the appellants, to ask for a modification of the decree when circumstances warrant it, but it is a duty that is necessarily imposed by conditions existing. The exact and just distribution of water is ordinarily a difficult matter to determine, but we think it has been determined in this case with as much exactness as the circumstances proven will admit.

The judgment is affirmed.

FULLERTON, C. J., and HADLEY and MOUNT, JJ., concur.