[No. 18377.   Department One.   May 9, 1924.]

H. B. SHAW, *Respondent*, v. STANDARD FIRE INSURANCE
COMPANY, *Appellant*.[1]

PARTIES (64)—DEFECTS AND AMENDMENTS—CURE BY SUBSEQUENT
PROCEEDINGS. In an action on a fire insurance policy error in re-
fusing to bring in before trial an interested mortgagee to whom
the loss was payable as its interest might appear, is cured where,
on motion for a new trial, the mortgagee filed a duly executed
waiver of all rights and claims under such mortgage clause.

INSURANCE (138)—FIRE INSURANCE—POLICY—PROVISIONS—WAIVER.
An insurance company cannot defeat recovery on a fire policy be-
cause of insured's failure to comply, in a technical or architectural
sense, with a general provision requiring him to furnish verified
plans and specifications for rebuilding, when the house was small
and of simple construction, and after demand for plans, insured
was examined under oath in detail as to the size, number of rooms
and manner of construction of the house.

Appeal from a judgment of the superior court for
Franklin county, Truax, J., entered February 10, 1923,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action on fire insurance policies. Af-
firmed.

*M. L. Driscoll* and *E. Eugene Davis,* for appellant.
*Chas. W. Johnson,* for respondent.

PARKER, J.—The plaintiff, Shaw, seeks recovery for
a total fire loss upon two insurance policies issued to
him by the defendant insurance company upon his
dwelling house situated in Pasco. A trial upon the
merits in the superior court for Franklin county re-
sulted in verdict and judgment awarding to plaintiff
recovery for the full amount of the policies, from which
the defendant has appealed to this court.

Contention is made in behalf of appellant insurance
company that the trial court erred to its prejudice in

[1] Reported in 225 Pac. 651.

permitting the trial to proceed, over the objections of its counsel, without first bringing into the case as a party thereto the State Building and Loan Association; there being a mortgage clause in the policy insuring its possible interest in the property, reading as follows: "Loss or damage, if any, under this policy, on buildings only, shall be payable to the State Building and Loan Association mortgagee (or trustee), as interest may appear." The trial court denied appellant's motion for new trial upon condition that respondent, within twenty days of the entry of the order, cause to be filed in the case a duly executed waiver by the State Building and Loan Association waiving any or all rights or claims it may have under the mortgage clause above quoted. Thereafter such waiver was timely executed and filed in the case, and thereafter final judgment was rendered upon the verdict in favor of respondent, awarding recovery to him for the full amounts of the policies; this upon the theory that he was then the only party having any rights under the policies.

If the court erred in permitting the case to proceed to trial without the building and loan association being first made a party thereto, plainly such error was cured as soon as the association's waiver of all its possible rights under the policies was properly evidenced in the case. Therefore it is plain that appellant has no cause to fear any further claim being made by the building and loan association under the policies, and this manifestly is all that is of any concern to the insurance company. In *Hannegan v. Roth,* 12 Wash. 695, 44 Pac. 256, Judge Anders, speaking for the court, said: –

"While a court will not proceed to final judgment in the absence of a necessary party, it will not dismiss the action on account of the non-joinder of such party, but

will retain it until all necessary parties are brought in, after which it will proceed to judgment on the merits. *Marshall v. Beverley*, 5 Wheat. 313; *Caldwell v. Taggart*, 4 Pet. 190; Pomeroy, Code Remedies, §§ 292, 293."

We conclude that, however much the court may have been in error in proceeding to trial without the building and loan association being made a party, or without it being clearly made to appear that the association had no rights under the policies, such error was, at all events, cured by the subsequent order of the court and the filing of the association's disclaimer before the rendering of final judgment upon the verdict.

Soon after the fire appellant's adjuster demanded of respondent that he furnish plans and specifications of the dwelling house to enable the company to rebuild the house, if it should elect so to do, instead of paying the amount of the insurance. The policies, among other things, provide that the insured "shall furnish, if required, verified plans and specifications of any building, fixtures or machinery destroyed or damaged," and further provide that "the insured, as often as required, . . . shall submit to examination under oath by any person named by this company and subscribe the same." Respondent did not furnish in writing any plans or specifications in a technical, architectural sense. The dwelling was a small and simple one; it being a one-story five-room house, painted and plastered, evidently of comparatively simple construction.

Soon after the making of this demand, among others, the company, through its adjuster, demanded that respondent submit to examination under oath, as provided in the last above quoted provision of the policies. Such examination was had in due course and was reduced to writing and subscribed and sworn to by re-

spondent, appellant's adjuster conducting the examination. The examination took a somewhat wide range and proceeded with considerable detail; respondent being examined with reference to the size, number of rooms and manner of construction of the house, from which it is evident that appellant's adjuster acquired all of the information desired upon that subject. It will be noticed that the provision of the policies relative to furnishing plans and specifications is very general in its terms. We think that appellant is now in no position to complain of the insufficiency of the information furnished by respondent relative to the physical construction of the house. *Cushing v. Williamsburg City Fire Ins. Co.*, 4 Wash. 538, 30 Pac. 736; 5 Joyce, Insurance (2d ed.), § 3381.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, and TOLMAN, JJ., concur.