WILLIAM DIETRICHS, PLAINTIFF IN ERROR, v. THE LINCOLN & NORTHWESTERN RAILROAD COMPANY, DEFENDANT IN ERROR.

1. Railroad: RIGHT OF WAY: DAMAGES: EVIDENCE. The question on trial was the market value of two lots with a dwelling house and other improvements thereon, in the city of Columbus, Platte county, on the 30th day of March, 1880. *Held*, that testimony that on the 10th day of April, 1877, the said lots were bought by the said William Dietrichs, at administrator's sale, for seventy-five cents each, was erroneously admitted.

2. ———: JUDGMENT: VERDICT. In case of an appeal from the award of commissioners, appointed to assess the damages to land holders, caused by the taking of their lands for right of way, depot grounds, etc., it is the duty of the district court to render judgment on the verdict of the jury.

3. Practice: ADMISSION OF ILLEGAL EVIDENCE: BILL OF EXCEPTIONS. Where the exception is for the admission of illegal evidence on the trial, it is not necessary that the bill of exceptions contain more of the testimony than is necessary to explain the exception taken.

ERROR to the district court for Platte county. Tried below, before POST, J. The opinion states the case.

*W. S. Geer*, for plaintiff in error.

The plaintiff is entitled, not simply to such sum as the property would bring at forced sale, but to such a sum as the property is worth in the market, to persons gener-

15

ally, if those desiring to purchase were found who were willing to pay a just and full value for his property. *Patterson v. Boom Co*, 3 Dill., 465. *Lawrence v. Boston*, 119 Mass., 126. *Somerville R. R. v. Doughty*, 22 N. J. L., 495. Thus, if the price realized at a forced sale is not the true criterion of the market value of the property, certainly it was incompetent to show the price paid at such a sale three years prior thereto. The basis on which all the evidence should have been admitted, should be the market value of the land when taken. *Stockton R. R. v. Galgiana*, 49 Cal., 139. Sales of land, the year previous, should be rejected as too remote in point of time to have any material bearing. *Green v. Fall River*, 113 Mass., 262. We do not claim that in no case can the price paid be given in evidence, but before it can be said to be competent or material, it must appear to have been made within a reasonably short space of time prior to the appropriation, so that the court may indulge in the presumption that between the date of such sale and the appropriation by the R. R. corporation, there would not, in the ordinary course of things, have been changes in the market value, and when the time is more than a year, there must be some positive proof showing no change in value to take the place of the presumption; and, without this proof as a foundation, the proof is foreign to the issue. *King v. Iowa Midland R. R.*, 34 Iowa, 458.

*T. M. Marquett,* (*Whitmoyer, Gerrard & Post,* with him,) for defendant in error.

1. It was proper to inquire what plaintiff had paid for the property, even though he purchased at an administrators sale. *Marsh v. Portsmouth, etc., R. R.,* 19 N. H., 372.

2. Bill of exceptions should contain all the evidence, not *substance* merely. *State v. Hamilton,* 32 Iowa, 572. *Ford v. Mitchell,* 21 Ind., 54.

3. The court erred in rendering judgment on the verdict. *Gear v. Dubuque & Sioux City R. R.*, 20 Iowa, 523.

4. We think the following propositions are sustained by authority: *First.* The only legal effect of an appraisement under our statute by commissioners, is to determine the price at which the condemning company may elect to purchase or appropriate property, in the exercise of the right of eminent domain. *Second.* In no case can judgment be rendered for the value of the property condemned until it has been reduced to possession. *Gear v. Dubuque R. R.*, 20 Iowa., 523. *Walther v. Warner*, 25 Mo., 277.

COBB, J.

This cause was brought to the court below on appeal by the Lincoln & Northwestern Railroad Company, from the award of commissioners, appointed on the application of said railroad company, to appraise the value of the two lots and the improvements thereon, of William Dietrichs, in the city of Columbus, Platte county, taken by said railroad company for the use of its railroad.

The issue tried by the district court was a plain and simple one. As agreed by stipulation, it was as follows: "What was the market value of lots one and two, in block seventy-five, in the city of Columbus, Platte county, including the buildings and fixtures thereon, on the 30th day of March, 1880?" On the trial the said William Dietrichs was sworn as a witness in his own behalf. Upon his direct examination he testified that he was acquainted with the market value of the property in question, on the 30th day of March, 1880, and that the market value thereof, at that time, was six hundred dollars. That the market value of the buildings, etc., at that time, was the sum of four hundred dollars, and the market value of the land was two hundred dollars. Thereupon his direct examination closed, and the counsel for

the railroad company entered upon the cross-examination of the said William Dietrichs, and asked him the following questions, to-wit:

"Q. What did you pay for those lots?" The counsel for the said William Dietrichs objected to the question as incompetent and immaterial. The court overruled the objection, and decided that the testimony thereby sought to be introduced was competent and material, to fix the value of the property in question, which ruling was duly excepted to by the said William Dietrichs, whereupon the witness answered that he did not remember. Thereupon counsel for the said railroad company put the following question to the witness:

"Q. You bought them at the administrator's sale?" Witness answered, " I think so."

Thereupon the counsel of the railroad company, to refresh the recollection of the witness, produced certain records, being court journal "A," of Platte county district court, at page 407, being record of administration sale, had and made on the 10th day of April, 1877, in the estate of Alexander B. Malcom, and read to said witness, in the presence of the court and jury, from said record, as follows:

" In the matter of the estate of Alexander B. Malcom, of Pottawottamie county, lot one, block 75, fractional, was sold to William Dietrichs for seventy-five cents. Lot two, block 75, sold to William Dietrichs for seventy-five cents." And then asked of the witness: " Now state what you paid for these lots?" The said William Dietrichs, by his counsel, objected to the question and the reference by counsel to the said record as incompetent and irrelevant. The court overruled the objection, which was duly excepted to, and thereupon witness answered in substance that the property in question was bought by him about that time at administrator's sale, and it was the only property ever pur-

chased by him in that block, and that when the record says that was the price paid, it must be so.

The court instructed the jury, among other things, as follows:

"In determining the value of the lots in question, you are at liberty to take into consideration the price paid by defendant for them, together with all other evidence given in the case."

The jury found the value of the property to be four hundred and fifty dollars, whereupon the court, after overruling the motion of the said William Dietrichs for a new trial, rendered judgment in his favor and against the said Lincoln & Northwestern Railroad Company, for the sum of four hundred and fifty dollars.

The court also adjudged that the court and clerk's fees be paid by the said William Dietrichs, and that each of said parties otherwise pay their own costs. In this court error is claimed by both parties.

No other species of property has so rapidly appreciated in value, within the past few years, as the more eligibly located lots in our larger railroad towns and cities. The price at which such lots were sold but a few years ago would not furnish the slightest evidence of their market value now.

The question before the supreme court of New Hampshire in *Marsh v. The Portsmouth & Concord Railroad Co.*, 19 N. H., 372, cited by counsel for the railroad company, was upon the admissibility of evidence as to the price at which a certain piece of property was sold at the administrator's sale, no question being raised as to the lapse of time since such sale.

The price at which the lots in question were sold, according to the record read by counsel for the railroad company, was ridiculously small in 1877, but had it been the fair value of the lots then, that fact would furnish no criterion of their value in 1880, and the admission in

.evidence—substantially of the record, showing that the whole of the real property in question was once sold for a dollar and a half, was only calculated to belittle, and cast ridicule upon the claim of the claimant, and shed no intelligent light upon the question being tried.

.Counsel for the Lincoln & Northwestern Railroad Company make the objection that the bill of exceptions does not even purport to contain all of the testimony given at the trial.  This objection would doubtless be well taken, were this a case in which it is sought to reverse the judgment on the ground that the verdict is not sustained by the evidence.

Sec. 309 of the code reads as follows:  " No particular form of exception is required.  The exception must be stated with so much of the evidence as is necessary to explain it, and no more, and the whole as briefly as possible."

Under this provision of law we think the bill of exceptions in this case contains all that is necessary; the exception being to the admissibility of the testimony, and not to its sufficiency.  Had none but legal testimony been admitted, there would certainly have been no error in the court telling the jury to consider all the testimony before them, so that the principal error consists in the admission of testimony improper to be considered.

It may not be amiss to say in this connection that, in the matter of settling bills of exceptions, there are some duties devolved upon the attorney representing the opposite side.  In this case, the certificate of the judge is that " The foregoing is the substance of all the testimony offered or given by either party to this cause, on the subject as to the price paid for said lots by appellee, at the time of his purchase thereof."   And the certificate of the attorneys of the Lincoln & Northwestern Railroad Company thereto is as follows:  " We have examined the foregoing bill of exceptions, and find the same correct,"

etc. While we are not prepared to say that in all cases a certificate of opposite counsel like the above, would estop them from raising any point as to the sufficiency of the bill of exceptions, yet in a case like this, where the exception is confined to one point, and that a very narrow one, an objection should not be heard after counsel have agreed to its sufficiency, as above.

The Lincoln and Northwestern Railroad Company also present a petition in error in this case, and assign the following errors:

1st. The district court erred in rendering judgment on the finding of the jury in said action thereon.

2nd. The district court erred in taxing any of the costs in said court to defendant in error.

3d. The district court erred in not taxing the costs in said court to plaintiff in error.

Having examined the argument of counsel for the railroad company, as well as the authorities cited by him, we are unable to agree to his proposition, that the district court has no power to render a judgment upon the verdict of a jury upon an appeal, such as the one which we are now considering. And, while it is true that we do not find express authority to them to render such judgment in the chapter of the statutes, providing for the appraisement of damages, appeal, etc., yet, while they possess the power to render judgment on verdicts in judicial proceedings pending before them generally, we think, that had it been the intention of the legislature to make this class of cases an exception to that general rule, they would have expressed that intention in clearer terms than they have used in the statute bearing upon this subject. While it will not be contended that the rendition of a judgment against a railroad company for the value of an easement in real property will pass a title thereto before payment, yet, should it so happen that the railroad company never takes possession of such easement, the damage sustained

by the owner of the land, in the cloud upon his title, created by the condemnation proceedings, would be a sufficient legal consideration for the judgment.

The case at bar is not one merely of right of way; but here the railroad company proposes to take the entire two lots of Dietrichs, together with the improvements, the same being wanted for depot grounds. The case therefore furnishes a strong illustration of the hardship of the rule contended for by the railroad company, to-wit: that the owner of the land condemned, has no right to either the money or a judgment for it, until such time as it may suit the convenience of the railroad company, to take, or be about to immediately take possession, of the property. The condemnation proceedings are a matter of record, the statute has put no limitation upon the continuance of the same, during which it would be impossible for the owner to sell, and quite imprudent for him to improve the property, so that the jury having by their verdict fixed the amount to which he is entitled, it is but just that he should have judgment.

As, for error in the admission of improper testimony, there must be a new trial, it will not be deemed necessary to discuss the question of costs raised by either party.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.