JULIANA DRATH, PLAINTIFF IN ERROR, V. THE BUR-
LINGTON & MISSOURI RIVER RAILROAD, DEFENDANT
IN ERROR.

1. **Eminent Domain:** JUDGMENT: EXECUTION. Where a lot
was condemned by a railroad company, the money deposited
with the county judge, an appeal taken to the district court,
and a verdict rendered in favor of the lot owner, it is the duty
of the district court to render judgment on such verdict, and an
execution may be issued thereon.

2. ——: RAILROAD CANNOT ABANDON LOT. After a judgment
in the district court for the value of real estate condemned by a
railroad company, it cannot abandon the same and in that way
avoid the payment of the judgment.

ERROR to the district court for Lancaster county. Tried
below before POUND, J.

A. J. Sawyer and A. C. Ricketts, for plaintiff in error,
cited: Freeman on Executions, §§ 10, 21, 23, 43. Dillon
Mun. Corp., § 479. 2 Greenleaf, 179. 67 N. Y., 242.
22 Pick., 263. 121 Mass., 173. 8 Bush, 98.

Marquett & Deweese, for defendant in error, cited: Chi-
cago v. Barbian, 80 Ill., 485. St. Louis Railway v. Teters,
68 Ill., 144. Garrison v. City of New York, 21 Wall.,
196. Stacey v. Vermont Central R. R., 27 Vt., 39.

MAXWELL, J.

In February, 1880, the defendant caused lot 7 in block
72 in the city of Lincoln to be condemned for its use, the
value of the same being fixed at $300. The plaintiff ap-
pealed to the district court, where, in November, 1880, a
verdict was returned in her favor for the sum of $800. A
motion for a new trial was filed and overruled, and judg-
ment rendered thereon as follows: "It is therefore consid-

ered by the court that the said plaintiff recover from said defendant the sum of eight hundred dollars ($800) as heretofore by the verdict of the jury found due her, with interest thereon from this date, together with her costs herein expended, taxed at $——.  And it is ordered by the court that the said defendant, the Burlington & Missouri River Railroad Company in Nebraska, forthwith pay over to the said plaintiff, Juliana Drath, the said sum of eight hundred dollars ($800) compensation for her said lands so appropriated by them to their uses and purposes aforesaid, together with her costs herein expended, and that the decree and judgment of the court be transmitted by the clerk thereof, duly certified, to the county clerk of Lancaster county, Nebraska, to be by him filed and recorded as provided by law."

On the twenty-first of December, 1880, the attorneys for the railroad company filed the following:

"The defendant, the railroad company above named, having heretofore instituted proceedings, under the statute, for condemnation of lot 7 (seven), block 72 (seventy-two), city of Lincoln, Nebraska, for right of way for its line of road, in which proceedings notice was given to Juliana Drath, above named, under the impression that she was the owner of said lot, and an award of damages having been made, from which said Juliana Drath appealed to this court, and it having been ascertained upon investigation that said Juliana Drath is not possessed of the legal title to said lot, and for other reasons, the said railroad company hereby abandons said condemnation proceedings, having paid all the costs made therein, and declines to appropriate said lot or any part thereof to its use by virtue of said proceedings, and declines to pay the award of damages made therefor, or to claim any right, privilege, title, or interest in said lot by virtue of said proceedings."

The answer of the defendant in the district court was as follows:

"Now comes the defendant, and answering the claim of the plantiff says, that the plaintiff is not the owner of the lands mentioned in said condemnation proceedings, being lot 7, block 72, city of Lincoln, and is not damaged by said condemnation proceedings."

The question of title to the lot in question was thus put in issue by the answer, and was determined by the verdict in favor of the plaintiff, and need not be further considered.

Execution having been issued, the attorneys for the defendant filed a motion in said court, as follows:

"Now comes the defendant above named and moves the court to order the return by the sheriff of said county of the execution issued in the above entitled cause, for the following reasons: 1st. It appears by affidavit and papers hereto attached and referred to in said affidavit that the condemnation proceedings had in the above entitled case have been abandoned by the said railroad company, and costs made therein paid by the company. 2d. That plaintiff has never been disturbed in her possession and control of said lot mentioned in condemnation proceedings, and said railroad company never have taken possession of any portion thereof. 3d. That no execution can legally issue for collection of the award of damages found by the jury."

This motion was supported by an affidavit. On the twenty-fifth of March, 1881, the following order was made on the motion:

"This cause came on to be heard upon motion for order to return execution issued herein; and the court, after hearing the argument of counsel, sustained said motion, and execution ordered returned without prejudice to plaintiff, and with leave to plaintiff to file motion hereafter to issue another execution."

Afterwards, in June, 1881, the plaintiff filed a motion to have an execution issued, upon which motion the following order was made:

"And the motion having been heretofore argued and
24

submitted, and the court being duly advised in the premises, and the former execution herein having been recalled by the court, on due consideration the court overrules said motion; and it is hereby further ordered that no execution issue on the judgment in this cause, to which ruling of the court plaintiff duly excepts, and forty days given to reduce exceptions to writing."

It will be seen that the only questions for determination are, the authority of the court below to order the execution to be recalled, and the denial of the right to enforce her judgment by the issuing of further executions.

It is contended on behalf of the railroad company that there was no authority in the district court to render judgment on the verdict, and that therefore the judgment was a mere award of damages, which the company may pay when it sees fit. A number of cases are cited that apparently sustain that view, but we are unable to give our assent to them. The question here presented was before this court in the case of *Dietrichs v. L. & N. R. R. Co.*, 12 Neb., 225, and it was held that it was the duty of the district court to render judgment on the verdict of the jury. The opinion was written by the present chief justice. It is said (pages 231–2): "We think that had it been the intention of the legislature to make this class of cases an exception to the general rule they would have expressed that intention in clearer terms than they have used in the statute bearing upon that subject. * * * The case therefore furnishes a strong illustration of the hardship of the rule contended for by the railroad company, to-wit, that the owner of the land condemned has no right to either the money or a judgment for it until such time as it may suit the convenience of the railroad company to take or be about to immediately take possession of the property," etc. Every principle of justice sustains the case above cited, and we fail to see any reason for modifying or changing that decision.

The statute gives a railroad company almost unlimited

powers in regard to what real estate it requires for its use, and unless it is clear that this power is abused, a court would have no right to interfere. But the company must act in good faith. It cannot be permitted to condemn real estate for its use, and after the condemnation is complete, the certificate filed with the county clerk, and the amount of the award deposited with the county judge, an appeal taken to the district court and judgment rendered against it on such appeal, be permitted to abandon the proceedings. The power of eminent domain is placed in its hands to enable it to take such real estate as it may require, at its fair value. This, if the case is appealed to the district court, is to be ascertained by the verdict of a jury, based upon the evidence. Where, as in this case, the entire property is taken, the power of the lot owner to sell or mortgage the premises is entirely taken away while the proceedings are pending. The necessities of such owner may be very great, and the property condemned his entire estate, yet when the public good requires it he must submit to the delay in obtaining compensation for his property. But the court will not permit a railroad company to use the sovereign power of the state—that of eminent domain—as a means to enable it to obtain property at its own price, or failing to do so refuse to take it. If this could be done, the rights of property owners along a line of railway would indeed be insecure. But such is not the law. When a company has condemned real estate, and on appeal a judgment has been rendered against it, which remains in full force, it must like other litigants pay the judgment, and the judgment creditor is entitled to all the remedies given by law to enforce the same. It follows that the order of the district court denying the right to issue execution is reversed, and the cause is remanded to that court with leave to the plaintiff to issue execution on her judgment as in other cases.

JUDGMENT ACCORDINGLY.

THE other judges concur.