[No. 1992.  Decided February 29, 1896.]

THE BELLINGHAM BAY & BRITISH COLUMBIA RAILROAD COMPANY, *Appellant*, v. H. B. STRAND *et ux., Appellants*.

CONDEMNATION  PROCEEDINGS — RIGHT  TO  ABANDON — JUDGMENT —
DAMAGES — INTEREST — ISSUE OF TITLE — ESTOPPEL.

Where possession of land has been taken upon the institution of proceedings for its condemnation under the right of eminent domain, the proceedings cannot be afterwards dismissed, at any stage of the proceedings, by the one seeking the appropriation, unless at the same time an abandonment of possession is also tendered.

Where land has been appropriated prior to the rendition of judgment the proper judgment in condemnation proceedings is one for the damages found and an award of execution for its collection.

In condemnation proceedings, when no issue as to title has been raised, and the only question before the jury is as to the amount of the damages, the petitioner in the condemnation proceedings is estopped from raising the question of title in the appellate court, although the question may have been raised upon the cross-examination of a witness.

Where possession has been taken of land under condemnation proceedings, the owner is entitled to interest upon the amount of damages awarded him from the date of the taking.

The appropriation of land under condemnation proceedings will not entitle the owner, in the award of damages subsequently made, to a judgment including the value of houses erected on the land by the appropriator prior to the rendition of judgment in the condemnation proceedings.

Appeal from Superior Court, Whatcom County.— Hon. JOHN R. WINN, Judge.   Affirmed.

*Dorr, Hadley & Hadley*, for appellant.

*Fairchild & Rawson*, and *Black & Leaming*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—Both parties having appealed in this

case, for convenience we will refer to the petitioner as the appellant, and the land owners as the respondents.

This action was brought in the year 1890 by the appellants to condemn certain lands under the condemnation acts of 1888. Commissioners were appointed and made their report, from which report the appellants appealed to the superior court of Whatcom county. At said court the question of valuation of the said property was submitted to the jury and a verdict returned and judgment entered thereon, from which said judgment an appeal was taken by the petitioner (appellant herein) to this court. For certain errors the judgment was reversed and remanded for further proceedings in accordance with the opinion filed. 4 Wash. 318.

Thereafter, in December, 1894, the cause came on for hearing before a jury in the said superior court of Whatcom county upon the question of valuation of said premises, and a verdict was rendered and judgment entered upon said verdict, from which judgment both parties appealed to this court. After the return of the verdict and after the refusal of the court to enter the judgment asked for by the appellant, it filed a motion asking leave to abandon proceedings and dismiss the cause, which motion was overruled by the court. This is one of the principal errors alleged by the appellant and the greater part of the briefs of the appellant and respondents is devoted to this proposition. It is earnestly contended by the appellant that it had a right to abandon its case at any stage of the proceedings before the rights of the parties had been adjusted. Exhaustive briefs have been filed by both parties on this question, and many authorities cited, and upon this proposition the authorities are some-

what conflicting, some courts holding that the corporation to whom the right of eminent domain has been given by the law has no right to abandon its action at all, but is bound by the verdict of the jury, and that it must pay the amount awarded, while the great majority of the cases decide that the corporation has the right to abandon, when it has not taken possession of the premises sought to be condemned, and some few cases hold that the corporation has a right to abondon, even when it is in possession of the premises. A great majority of the cases cited by appellant lay down the rule of the right of dismissal where the question of possession is not considered at all. Lewis on Eminent Domain, § 656, cited by appellant, announces that the proceedings for condemnation are entirely under the control of the legislature; that it may provide that the party, having once instituted proceedings to condemn property, shall be bound to go on and take possession of the property; and that it may discontinue and annex such terms to the right as it sees fit, but that in the absence of express statutory provisions, it is generally held that where a party has instituted proceedings to condemn property, it may discontinue those proceedings at any time before confirmation of the report of the commissioners, or, in case of jury trials, at any time before the case is given to the jury — citing many cases to support the text; and other cases are reported where it is held to be a matter of discretion with the court; and still others in which it is held that, where possession had been taken of the property, the party condemning could not abandon proceedings without also giving up possession, and this is the doctrine of the Minnesota courts. The author, however, states that the weight of authority is that, in the absence of statu-

tory provisions on the question, the effect of proceed-
ings for condemnation is simply to fix the price at
which the party condemning can take the property
sought, and that, even after confirmation or judgment,
the property may be abandoned without incurring
any liability to pay the damages awarded; but an in-
vestigation of the numerous cases cited shows that
this rule was applied only in the absence of possession
by the corporation. The author, however, states that it
has been held that the right to abandon is not affected
by the fact that the petitioner has taken possession
pending proceedings, under a statute which provided
that it might do so upon depositing a sum to be ascer-
tained by the judge of the court in which the proceed-
ings are pending; citing *Denver & New Orleans R. R.
Co. v. Lamborn,* 8 Colo. 380 (8 Pac. 582), a case which
is cited and largely relied upon by the appellant in
the case at bar; also *Brokaw v. City of Terre Haute,* 97
Ind. 451. It will be seen, however, that the qualifica-
tion mentioned by the author, viz., "where the legis-
lature has made provision for taking possession,"
carries the cases outside of the claim made by the ap-
pellant in this case, for our statute makes no such pro-
visions; and in *Denver, etc., R. R. Co. v. Lamborn,
supra,* the statute of Colorado provided that the court
or judge may, at any stage of the proceedings, au-
thorize petitioner to take possession of and use the
premises until the final conclusion of the adjudication
has been deposited in court or with the clerk of the
same, such sum as the court or judge may deem suffi-
cient to pay the amount of damages ultimately awarded;
and the court, in that case, based its decision of the
right of the party in possession to abandon upon the
construction of this statute, and said, in the course of
its opinion: "If this conclusion could not legiti-

mately be drawn from the language and purposes of the statute, we might be compelled to indorse the proposition that, by the act of taking possession thereunder, petitioner renounces his right of abandonment, except with the owner's consent;" so that this case cannot be considered a case in favor of appellant's contention. And the case of *Brokaw v. City of Terre Haute*, 97 Ind. 451, is also decided upon the provisions of their statute; while, as we have before said, the overwhelming weight of authority is that, in the absence of a statute granting the right of possession, the right to abandon is waived by the taking of possession; many courts holding that an abandonment means an abandonment not only of the proceedings, but an abandonment of the possession in cases where the corporation is in possession; that the abandonment carries with it the idea of placing the corporation in a position to commence anew in all respects, and placing the land-owner in possession of his land. The appellant, recognizing the force of these decisions, attempts to evade them by asserting that the possession of the company in this case was not derived by, through, or under this action; but we think the testimony introduced in this case shows the contrary, for, while originally the possession may have been taken outside of the action, the record shows that an action of forcible entry and detainer was brought by the respondents, and a judgment obtained for right of restitution against the appellant. An appeal from that judgment was taken to this court, and the judgment was affirmed. Subsequently the company commenced this action for condemnation proceedings, and obtained a restraining order, staying the enforcement of the right of restitution, on the ground that it had commenced these proceedings in condemnation, there-

by invoking the proceedings in condemnation to, at least, maintain its possession of these premises; and we think, under such circumstances, that its right of possession of the premises is substantially derived through this action; and, having used the condemnation proceedings to retain possession, it ought not now to be allowed to avail itself of the privilege of a plaintiff out of possession, either in regard to the form of the judgment or the right to dismiss the action, and impose upon the respondents the necessity of bringing another action, either of forcible entry or detainer or ejectment, to obtain possession of their premises during an indefinite length of time, for, if an action of ejectment were brought to obtain possession, it could pursue the same tactics it did before, viz.: commence condemnation proceedings again, and plead such proceedings in abatement of the writ of restitution. We do not think that the law should be administered in the interests of procrastination and delay. The appellant was concededly in possession at the time the offer to abandon was made. That possession had been obtained, or at least maintained, by reason of this action. There was no tender of abandonment of the possession, and we think that not only justice, but the great and overwhelming weight of authority, sustains the action of the lower court in refusing the motion to dismiss; and we quote with approval the language of the court in *Curtis v. Railroad Co.*, 21 Minn. 497, where, in discussing this question, it was said:

" This practically results in giving the company power to evade the constitutional prohibition against taking private property for public use, without just compensation first paid or secured, and to take, hold, and enjoy the property of a citizen in defiance of his rights, so long as it can successfully be kept in litigation, and without any redress, except in an action of

trespass for damages, after the termination of the proceedings, and their abandonment by the company."

And as to the other question — the form of the judgment — we think the appellant ought to be held to his election, and that, by appropriating land and refusing to relinquish its possession, judgment should be rendered against it for the damages found, and an execution should be awarded for its collection. As was said by the supreme court of Illinois in *Peoria, etc., Ry. Co. v. Mitchell,* 74 Ill. 395: "And when it [the land] is already taken, what other judgment could be properly entered? Surely not a judgment that the company pay when they should take the land." See, also, *St. Louis, etc., Ry. Co. v. Teters,* 68 Ill. 144; *Drath v. Burlington, etc., R. R. Co.,* 15 Neb. 367 (18 N. W. 717); *Dietrichs v. Lincoln, etc., R. R. Co.,* 12 Neb. 225 (10 N. W. 718).

So far as the question of title is concerned, we think the appellant is estopped from raising that question here, even conceding that the testimony was as claimed by it. It brought its action for the condemnation of the land described in its complaint. No issue was made concerning the title to the land, and the respondents had no notice that any such question would be litigated until it arose incidentally in the cross-examination of a witness, and the only question before the jury was a question of the amount of the damages. This was the question that was brought up on the appeal under § 11 of the act of 1888, under which the proceedings were commenced. The question of title was preliminary to the submission to the jury, and that issue should have been made and determined by the court prior to the submission of the question of damages. *St. Louis, etc., Ry. Co. v. Teters,* 68 Ill. 144; *O'Hare v. Chicago, etc., R. R. Co.,* 139 Ill. 151 (28 N.

E. 923); *St. Paul, etc., R. R. Co. v. Matthews,* 16 Minn. 341; *Gerrard v. Omaha, etc., R. R. Co.,* 14 Neb. 270 (15 N. W. 231).

As to the question of interest, it would seem that the citation of authorities was hardly necessary to convince this court that where the corporation had taken possession of the respondents' land, and had had the use and benefit of it, and had not paid the damages which were found to have been due the respondents at such time, it should pay interest on the amount of damages so found to have been entertained, from the date of the taking, which was stipulated in this case to be the 6th day of March, 1890. We, think, however, under the testimony in this case, that the respondents should not recover the value of the houses which were placed upon the land by the appellant, and which were found by the jury to be worth the sum of $850.

The questions of fact, then, having been determined by the verdict of the jury, the judgment in this case will be reversed, and the cause will be remitted to the lower court, with instructions to enter judgment against the appellant, the Bellingham Bay & British Columbia Railroad Company, and in favor of the respondents, H. B. Strand and Josephine M. Strand, for the amount of $10,150, the same being the amount of the verdict less $850, the ascertained value of the houses, with interest thereon at the legal rate from the 6th day of March, 1890, and that execution issue therefor.

ANDERS, GORDON and SCOTT, JJ., concur.