[No. 12161.  Department Two.  December 11, 1914.]

THE CITY OF TACOMA, *Respondent*, v. WILLIAM GILLESPIE, *et al., Appellants.*[1]

EMINENT DOMAIN—PROCEEDINGS—ISSUES—TRIAL OF TITLE—WHEN TO BE DETERMINED. In condemnation proceedings, where the petition alleges that certain persons claim portions of the right of way sought to be condemned, without right thereto, and such defendants appear and claim title by right of adverse possession and asked for a dismissal, it is proper for the court to try out the question of title by adverse possession, and determine the same, before submitting to the jury the issue as to the damages sustained by owners of the property.

ADVERSE POSSESSION—CITY RIGHT OF WAY—PERMISSIVE USE. The fact that persons living along a 66-foot city right of way for a water flume had fenced and maintained possession of portions of the strip, which was used by and in possession of the city for a flume line, does not establish title by adverse possession where their holding was permissive and not under an exclusive claim of right.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered December 31, 1913, upon findings as to title, and the verdict of a jury failing to award damages to certain defendants, after a trial on the merits, in condemnation proceedings. Affirmed.

*S. F. McAnally, L. C. Stevenson,* and *F. H. Atchinson,* for appellants.

*T. L. Stiles* and *Frank M. Carnahan,* for respondent.

MOUNT, J.—This action was brought by the city of Tacoma under the provisions of Rem. & Bal. Code, § 7771 (P. C. 171 § 37), to condemn for street purposes certain property lying in what is known as Carroll & Hannah's addition to Tacoma, and abutting upon what is commonly known as the flume line right of way; and also to condemn the interest, if any, of all persons claiming any of the land lying within the right of way.

[1]Reported in 144 Pac. 697.

The appellants and some forty other persons were named as defendants. The property sought to be condemned was described in the petition. The parties interested appeared in the action and the court made an adjudication of public necessity. Thereafter the appellants made a claim of ownership to certain tracts lying within the line of the right of way, claiming that they were the owners thereof by adverse possession. The court proceeded to hear evidence for and against the claim of the appellants and concluded that they had no title to any portion of said lots lying within the boundaries of the line of said right of way; and afterwards called a jury to assess the damages to property taken without the line of the right of way. Verdicts were returned in favor of several of the defendants in the action, but no damages were returned in favor of the appellants. A judgment was entered accordingly and the defendants have appealed from that judgment.

The principal assignments of error are to the effect, first, that the court erred in entering a decree quieting title of right of way in the city, and in refusing a motion to dismiss the action as to the appellants; and second, in finding that the several appellants had not acquired title by adverse possession.

It appears from the record that, in the year 1884, Julia A. McCarver and others were the owners of a certain tract of land in Pierce county. On September 22, 1884, the owners conveyed by deed to the Tacoma Light & Water Company, a strip of land 66 feet in width across that tract of land. Immediately after the execution of this deed, the Tacoma Light & Water Company took possession of this strip of land and constructed a water flume thereon for the purpose of supplying the city of Tacoma with water. This flume was completed in the year 1885, and was thereafter used for carrying water to the inhabitants of the city of Tacoma. The deed of September 22 made by McCarver and others to the Tacoma Light & Water Company was not filed for record

until October 30, 1888. In the year 1888, prior to the recording of the deed to the Tacoma Light & Water Company, Thomas Carroll and D. B. Hannah acquired title to the tract of land through which the right of way of the Tacoma Light & Water Company ran. They thereafter proceeded to plat the entire tract into lots and blocks, including the 66 feet of right of way belonging to the Tacoma Light & Water Company. This tract was designated as Carroll & Hannah's addition. In the dedication, the right of way of the Tacoma Light & Water Company was excepted. This plat was thereupon filed for record in Pierce county. Thereafter lots were sold in this addition to different people. In most of the deeds, there was an exception of the right of way of the Tacoma Light & Water Company.

In the year 1893, the Tacoma Light & Water Company conveyed its water systems to the city of Tacoma, including the right of way above named. At the time of the conveyance, the city immediately took possession of the property, and has continuously occupied the same for the purpose of supplying water to the inhabitants of the city. Some time after the acquisition by the city, it laid a wooden stave pipe underground along its right of way, into which water was turned, and the old flume line was discarded.

The purchasers of lots in this addition, some of which were lying within the right of way, fenced and occupied certain portions of the right of way. The appellants, when they appeared in the condemnation action, claimed title to a portion of the right of way by reason of having occupied the same for a period beyond the statute, and when this claim was made, they asked that the case be dismissed as to them. The court denied this request, and proceeded to hear evidence upon the question whether or not the defendants were the owners of the lands occupied by them upon the right of way by reason of adverse possession. After hearing the evidence, the court concluded as hereinbefore stated, and entered a judgment quieting the title as against the appellants.

It is argued by the appellants that the court erred in refusing to dismiss as to them when they made their claim of ownership by reason of adverse possession, and that there was no authority in law for the court to adjudge that they had no interest in the property claimed by them; and that an action should have been brought to quiet title, or in ejectment.

In the petition for condemnation, filed by the city under an ordinance providing therefor, it was alleged that these appellants owned certain lots not within the said flume line right of way, and claimed an interest within the right of way. It was sought to condemn all the rights which were held, claimed or occupied by any person or corporation. These appellants, upon the trial, claimed certain lands within the right of way by reason of adverse possession. We think the court was authorized to try these claims as between the condemner and the defendants, and to settle the same in the condemnation proceeding. It is no doubt true, as argued by counsel, that it will be assumed that persons against whom a condemnation is brought, are the owners, or claim to be the owners, or claim some interest in the land sought to be condemned; and it is proper for the court to determine what interest they have in such lands, in order to determine the question of damages to which they are entitled. If they are not the owners of the land and have no interest therein, of course no damages can be awarded in their favor. It would be absurd to hold, in a condemnation action, where a party claims an interest in the land sought to be condemned, that such party should be dismissed from the condemnation action in order to determine that question in an independent proceeding in the same court. This court has said, in the case of *Bellingham Bay & B. C. R. Co. v. Strand*, 14 Wash. 144, 44 Pac. 140, 46 Pac. 238:

"The question of title was preliminary to the submission to the jury, and that issue should have been made and determined by the court prior to the submission of the question of damages."

We think that is a sensible and sound rule. It was shown in this case that it was necessary for the city to occupy this right of way as a city street. These appellants were claiming an interest in this right of way by reason of adverse possession. The legal title was in the city. If their claim was valid, they were entitled to the value of the land taken. If their claim was invalid and they had no interest, they were entitled to nothing. We think the court properly determined that question, and properly refused to dismiss the appellants from the condemnation proceeding.

It is next argued by the appellants that the court erred in refusing to find that the appellants had been in the open, exclusive and notorious adverse possession of the parcels claimed by them respectively within the 66-foot strip of land since the year 1889 under a just claim of right and color of title. This was a pure question of fact. The evidence undoubtedly shows that some of these appellants had occupied a portion of this right of way for a number of years. But the evidence conclusively shows that the city and its grantors have, during all the time, been in possession of the strip of land. We think the weight of the evidence is to the effect that there was no adverse claim or holding on the part of these appellants. Their holding, we think, was entirely permissive and was not an exclusive claim of right. We are satisfied that the court found properly upon this question.

The question of the right of these appellants to hold adversely against the city is discussed at length in the briefs of the appellants, and the respondent. It is claimed by the appellants that this right of way is held in a proprietary capacity by the city, and is, therefore, subject to be defeated by adverse possession. While counsel for the city contend that the property is devoted, and has been devoted, to a public use, and is, therefore, not subject to adverse possession. In view of the fact that the court has found upon the evidence that there was no adverse holding, we deem it unnecessary to discuss that question.

We find no error, and the judgment of the trial court is therefore affirmed.

CROW, C. J., MAIN, ELLIS, and FULLERTON, JJ., concur.