[No. 13290.   Department Two.   November 18, 1916.]

C. L. COLBURN, *Appellant*, v. C. J. WINCHELL, *Respondent*.[1]

WATERS AND WATER COURSES—APPROPRIATION—RIGHTS—POWER OF STATE.  The United States government having by acts of Congress waived its right to waters flowing within the boundaries of any state, the state had a right in 1899, by Rem. 1915 Code, § 6333, to authorize the appropriation of waters for irrigation purposes, as an impairment, by reason of necessity, of the common law right to the undiminished flow of a stream in its natural channel.

SAME—PUBLIC LANDS — VESTED RIGHTS — SUBSEQUENT GRANT TO STATE.  An appropriation of water for irrigation having been made in 1903, under the authority of the act of 1890 while the title to the lands was in the Federal government, the state, in subsequently taking title for the purposes of a scientific school, takes the same subject to the previous vested right.

SAME—NOTICE OF APPROPRIATION—SUFFICIENCY.  A notice of appropriation of water for irrigation will not be held defective, where no specific failure to comply with the law is pointed out, though evidence of the notice of posting may be meager.

SAME—APPROPRIATION—REQUISITES.  In appropriating water for irrigation, there must be an intention to appropriate a certain quantity, and the actual use thereof or the exercise of reasonable diligence in preparing the land therefor.

SAME—APPROPRIATION—RIGHT OF WAY—STATUTES.  The act of 1907, Rem. 1915 Code, § 6844, respecting the right to construct ditches over the land of the state in aid of irrigation has no application to a ditch already constructed for waters appropriated before the passage of the act.

SAME.  Where an irrigation ditch for appropriated water was constructed across land before the title passed out of the Federal government, a right of way therefor was acquired under Federal Statutes Annotated, vol. 7, p. 1090.

Cross-appeals from a judgment of the superior court for Klickitat county, Back, J., entered September 20, 1915, in favor of the defendant, in an action for an injunction and for damages, tried to the court.  Affirmed.

*George F. Felts* and *I. N. Smith*, for appellant.

*Brooks & Brooks*, for respondent.

[1]Reported in 160 Pac. 1052.

MAIN, J.—The parties to this action are two rival claimants to the water of a nonnavigable stream, known as Old Logging Camp creek. The trial resulted in a judgment giving one-half of the water to each of the parties. From this judgment, both have appealed.

The facts are these: During the year 1903, the plaintiff's predecessor in interest, being the owner of the northwest quarter of section 13, twp. 4 N., R. 10 E., W. M., went upon the southeast quarter of section 11, in the same township, dammed the creek, constructed a head gate or intake, and diverted the water therefrom. This water was carried to the property now owned by the plaintiff by means of a ditch and flume, where it was used for irrigation. At the time the diversion was made, the southeast quarter of section 11 was government land. During the year 1905, this quarter, together with other lands, was granted to the state of Washington for the establishment and maintenance of a scientific school. The application by the state was made March 5, 1904. In 1906, the one hundred and sixty acres mentioned was sold by the state to the defendant. This controversy arose in 1911, when the defendant refused longer to permit the plaintiff to take water from the stream.

It is claimed that, since the land was granted to the state for the purpose of a scientific school, no right of appropriation exists under the provisions of the enabling act. This question, however, is not necessarily involved in the case and, therefore, no opinion will be expressed upon it.

The right to appropriate water for irrigation purposes arose out of the doctrine of necessity, for without such right, arid lands could not be made valuable. The right of appropriation is an impairment of the common law doctrine that the water of a stream must continue to flow in its natural channel, undiminished in quantity and unimpaired in quality. The right to appropriate water for irrigation purposes has been recognized by the acts of Congress, and by the statutes of a number of states.

The legislature of this state, during the session of 1890, passed an act authorizing any person who owns or has possessory rights in lands in the vicinity of any natural stream or lake, not abutting on such stream or lake, to take water therefrom, if there be any surplus of unappropriated water in such lake or stream. Rem. 1915 Code, § 6333.

In speaking of the act of Congress relative to the right to appropriate water for irrigation purposes, Mr. McKinney, in his work on Irrigation and Water Rights, vol. 1 (2d ed.), p. 1026, remarks:

"As far as the United States government is concerned by those various acts of Congress, fully discussed in future portions of this work, it has waived its rights as sovereign in and to the government and control of the waters flowing or standing within the boundaries of any state, and has conferred the jurisdiction of such waters upon such state."

The state, then, when it passed the act of 1890, had the right to authorize the appropriation. Under this authority, the appropriation was made during the year 1903. At this time the title to the land now owned by the defendant had not passed out of the Federal government. The application for it had not then been filed by the state. The making of the appropriation was authorized by the state and permitted by the acts of Congress. The appropriation being made under such authority, when the state received the grant of the land in section 11 for the purposes of a scientific school, it would necessarily take it subject to any previous vested right.

Some claim is made that the paper appropriation was defective. But no requirement of the statute in this regard with which the notice fails to comply is pointed out. The notice meets the requirements of the statute. While the legal evidence as to the posting of the notice as required by the statute is somewhat meager, yet we think it sufficiently appears that the plaintiff's right or title to one-half of the water in the creek is not defective for this reason. There was no evidence which would indicate that the notice had not been

posted.   The circumstances, so far as they bear upon the question, indicate a posting.

The next point is whether the trial court correctly found the amount of water which the plaintiff was entitled to under his appropriation.   In order to make an appropriation, there must be an intention to appropriate a certain quantity of water and the actual use of this quantity or the exercise of reasonable diligence in preparing the land for its use. *Sander v. Bull,* 76 Wash. 1, 135 Pac. 489.   Without reviewing the testimony, but after having given careful consideration to the same, we are of the opinion that the judgment of the trial court in giving to the plaintiff one-half of the water of the stream is sustained by the evidence.

There is some discussion in the briefs over the question whether the plaintiff had a right of way for the ditch through which the water was conducted.   In support of the claim of the right to construct a ditch over state land, our attention is called to Rem. 1915 Code, § 6844.   The act of which that section is a part recognizes the right to construct a ditch over the land of the state in aid of irrigation, and defines the necessary procedure.   But that act was passed during the year 1907, and has no application to the facts in this case, because, as already stated, the title to section 11 passed out of the state during the year 1906, and before the act was passed.   The ditch having been constructed across section 11 before the title thereto passed out of the Federal government, a right of way therefor was acquired under § 2339, Federal Statutes Annotated, vol. 7, p. 1090.

Upon this appeal neither party will recover costs.   The judgment is affirmed.

MORRIS, C. J., HOLCOMB, and PARKER, JJ., concur.