[No. 13290.   Department Two.   June 19, 1917.]

C. L. COLBURN, *Appellant,* v. C. J. WINCHELL, *Respondent and Cross-Appellant.*[1]

WATERS AND WATER COURSES — APPROPRIATION — NONNAVIGABLE STREAMS—STATE LANDS.   Waters of a nonnavigable stream upon state lands granted for a scientific school cannot be appropriated by a nonriparian owner; since they are considered as part of the soil and as an incident to the owner's estate, and since, by Const., art. 16, §§ 1 and 2, public lands granted to the state for educational purposes are held in trust for all the people and can be disposed of only by sale at public auction to the highest bidder.

Cross-appeals from a judgment of the superior court for Klickitat county, Back, J., entered September 20, 1915, in favor of the defendant, in an action for an injunction and for damages, tried to the court.   Reversed on defendant's cross-appeal.

*George F. Felts* and *I. N. Smith,* for appellant.

*Brooks & Brooks,* for respondent and cross-appellant.

ON REHEARING.

MAIN, J.—After the opinion in this case had been filed, 93 Wash. 388, 160 Pac. 1052, both parties presented petitions for rehearing.   In the petition of the defendant and cross-appellant, our attention is called to an error in the statement of facts in the original opinion.   It was there stated that the title to the land from which the appropriation of the water was made was in the Federal government at the time of the appropriation.   This was incorrect.   It should have been stated that, at the time the appropriation was made, the land which was crossed by the nonnavigable stream out of which the water was taken was held by the state for the purpose of a scientific school.   In the year 1895, the Federal government granted to the state, together with other lands, the southeast quarter of section 11, township 4, north,

[1]Reported in 165 Pac. 1078.

range 10, east, W. M. Across this land flowed a nonnavigable stream, known as Old Logging Camp creek. During the year 1903, the then owner of the northwest quarter of section 13 of the same township and range went upon section 11 and attempted to appropriate the water of Old Logging Camp creek for irrigation purposes, to be used upon section 13—nonriparian land.

This corrected statement of facts presents a question which was not decided in the original opinion, and that question is whether a nonriparian owner may appropriate water from a nonnavigable stream upon state land which had been granted to the state for the establishment and maintenance of a scientific school. In *Benton v. Johncox*, 17 Wash. 277, 49 Pac. 495, 61 Am. St. 912, 39 L. R. A. 107, it is held that the right of a riparian owner to the waters of a nonnavigable stream is an incident to his estate, and is considered a part of the soil. It was there said:

"It is held by practically all the better authorities that the right of the riparian owner to the natural flow of the stream by or across his land, in its accustomed channel, is an incident to his estate, and passes by a grant of the land, unless specially reserved. It is not an easement in, or an appurtenance to, the land, but, as Angell says, is as much a part of the soil as the stones scattered over it."

In *Bernot v. Morrison*, 81 Wash. 538, 143 Pac. 104, Ann. Cas. 1916D 290, it was said:

"We hold that the common law, as declared by the supreme court of the United States, so far as all unnavigable waters, whether in streams or lakes, are concerned, that is to say, waters not actually navigable, is the common law and rule of decision in this state. We know of nothing in the character of our institutions or in the state of our society militating against its application to all such waters. The declaration in our constitution, § 1 of article 21, that:

" 'The use of the waters of the state for irrigation, mining and manufacturing purposes shall be deemed a public use' was never intended to destroy riparian rights in unnavigable waters."

Therefore, under the law of this state, the waters of a nonnavigable stream are held to be a part and parcel of the soil over which it flows. Section 11 of the enabling act, 25 U. S. Stat. L. 676, provides that all lands "herein granted for educational purposes" shall be disposed of only at public sale, and at a price of not less than ten dollars per acre. In § 17 of that act there is granted to the state of Washington, "for the establishment and maintenance of a scientific school, one hundred thousand acres (of land) ; . . ." As above stated, the land was selected under that provision of the act of Congress, and the title was in the state at the time the appropriation was made.

Section 1 of article 16 of the constitution of the state provides:

"All the public lands granted to the state are held in trust for all the people, and none of such lands, nor any estate or interest therein, shall ever be disposed of unless the full market value of the estate or interests disposed of, to be ascertained in such manner as may be provided by law, be paid or safely secured to the state; nor shall any lands which the state holds by grant from the United States (in any case in which the manner of disposal and minimum price are so prescribed) be disposed of except in the manner and for at least the price prescribed in the grant thereof, without the consent of the United States."

Section 2 of the same article provides that:

"None of the lands granted to the state for educational purposes shall be sold otherwise than at public auction to the highest bidder; . . ."

Under these provisions of the constitution, it will be seen that the lands granted to the state for the purpose of a scientific school are held in trust for all the people, and that none of such lands, "nor any estate or interest therein," shall be disposed of except in the manner there provided.

It seems to us that the language of the constitution is too plain for construction. If the water of a nonnavigable stream is to be considered as a part of the soil and as an incident to

the owner's estate in the land, a statute authorizing the appropriation by a nonriparian owner of the water of a nonnavigable stream upon state land held for educational purposes would not be in harmony with the constitutional mandate. If the legislature can authorize the appropriation of water from a nonnavigable stream crossing land which the state holds in trust for the purpose of a scientific school, it could grant an estate or interest in the land without compensation, and in defiance of the constitutional provision which says that no estate or interest therein shall be disposed of unless the full value of the estate or interest, to be ascertained in the manner provided by law, be paid or secured to the state. It is a matter of common knowledge that the waters of a nonnavigable stream crossing a certain tract of land may, and in certain instances do, constitute its chief value, because without the water the land would be barren and unproductive.

We therefore conclude that the appropriation of the water from Old Logging Camp creek by a nonriparian owner cannot be sustained under the constitution of this state. The general acts of Congress relative to the appropriation of water upon government land can have no application after the title has passed from the Federal government to the state. Neither are the decisions of other states in point where the constitutional limitations are not the same as in this state. The conclusion we have reached upon the question here considered requires a different disposition of the case from that directed in the original opinion.

Upon the defendant's cross-appeal, the judgment will be reversed, and the cause remanded with direction to the superior court to dismiss the action.

HOLCOMB, PARKER, and MORRIS, JJ., concur.