[No. 17133. *En Banc.* September 20, 1922.]

THE CITY OF TACOMA, *Respondent,* v. MASON COUNTY POWER COMPANY et al., *Appellants.*[1]

WATERS AND WATER COURSES (1)—APPROPRIATION—WATERS SUBJECT TO. Defendants in eminent domain proceedings claiming rights in a school section 16, by reason of filing notices of the appropriation of waters, are mere squatters, the state having title to the land.

SAME (1). The appropriation of water by notice applies only to the public domain, and non-navigable waters flowing through state school land are not subject to such appropriation.

EMINENT DOMAIN (45)—PROCEEDINGS—QUESTIONS DETERMINED—TITLE. In eminent domain proceedings to appropriate water, it is proper to determine as a preliminary question whether defendants had any title or legal rights in the land or in the waters.

Appeal from a judgment of the superior court for Mason county, Wright, J., entered November 18, 1921, adjudging a public use and necessity in condemnation proceedings and denying defendants' right to damages, tried to the court and a jury. Affirmed.

*Poe & Falknor* and *Frank C. Owings,* for appellants.

*J. Chas. Dennis, Percy P. Brush, Peters & Powell,* and *Robert H. Evans,* for respondent.

*Walter F. Meier* and *Charles T. Donworth, amici curiae.*

HOLCOMB, J.—Tacoma, a municipal corporation of the first class, instituted these proceedings in the court below, under ch. 153, Laws of 1907, p. 316 (Rem. Compiled Stat., § 9215), and supplemental statutes, for the purpose of acquiring by condemnation a site which would include lands, real estate, rights of way, water rights, overflowage rights, etc., for the alleged purpose of making certain additions, betterments and exten-

[1]Reported in 209 Pac. 528.

sions to the present electric generating plant and system now owned, controlled and operated by the municipality at LaGrande. The power station in the instant case is to be located on the shores of Hoods Canal. The plan contemplates the construction of a concrete dam on the north fork of the Skokomish river, at a point to be determined by the petitioner, of such height that it will raise the level of lake Cushman approximately 140 feet, thereby creating a reservoir in and around lake Cushman.

Appellants in this case claim rights and interests in and to section 16, tp. 22, N., R. 4, W. W. M., and in the waters of the Skokomish river as it flows through section 16, which interests are affected by these proceedings. The stream is nonnavigable.

The hearing to determine whether the alleged use was really a public use, and whether there was a necessity therefor, was had on November 20, 1920, and thereafter, on January 22, 1921, an order was entered adjudging the use to be public and that there was a necessity therefor. Exceptions to the findings were made and filed, and thereafter, on July 21, the cause came on for trial on the question of damages. At the conclusion of the evidence, and prior to the submission of the case to the jury, the petitioner, respondent here, moved that all of the evidence offered on behalf of the appellants with reference to their claim of right in section 16, tp. 22 N., R. 4, W. W. M., be stricken, and that the court determine that none of these appellants has any rights in section 16 or in any of the waters of the Skokomish river as it flows through that section, or any rights that the action which the petitioner proposes to take in reference to the proposed improvement will either take or damage. This motion was granted, and on November 18, 1921, respondent caused to be

entered a judgment ordering and adjudging that appellants have no right, title, interest or estate in or to section 16, as described above, nor in the waters of the Skokomish river as it flows through section 16, or any rights, easements or privileges affected by this proceeding, or sought to be acquired by respondent herein, which will be damaged by the proposed improvement.

Two assignments of error are made by appellants: the first, that the court erred in adjudging the use to which respondent sought to put the property to be a public use, and holding that there was necessity therefor; and, second, in granting respondent's motion and entering judgment declaring that appellants have no right, title, interest or estate in the section of land or waters previously described, or any rights, easements or privileges therein affected by this proceeding, or sought to be acquired by respondent herein, which will be damaged by the proposed improvement.

The evidence shows that section 16 involved herein is a school section belonging to the state of Washington, and that the state has never parted with its title or any right or interest therein. Appellants had posted and filed notices of appropriation of the waters of the north fork of the Skokomish for power purposes and the intended points of diversion, and had done some development work on the river and on Dow creek, a tributary. They have built two or three shacks or cabins on the banks of the north fork of the Skokomish on section 16, and have constructed stairways leading from the vicinity of the cabins to the river, as well as a foot bridge across the stream. Because of such apparent occupancy and possession, when the city instituted this action it made appellants parties to the condemnation proceeding.

Since appellants had no title to any part of the lands of section 16 in question, and had done no more

than attempt to appropriate the waters of the north fork of the Skokomish river and obtain the use of the land for power and reduction purposes, they were mere squatters. *Sander v. Bull,* 76 Wash. 1, 135 Pac. 489.

The appropriation of water by the publishing and filing of notice applies only to the lands of the United States constituting part of the public domain. *Benton v. Johncox,* 17 Wash. 277, 49 Pac. 495, 61 Am. St. 912, 39 L. R. A. 107; *Sander v. Wilson,* 34 Wash. 659, 76 Pac. 280.

Nonnavigable waters flowing through state school lands are not subject to such appropriation. *Colburn v. Winchell,* 93 Wash. 388, 106 Pac. 1052; *Id.,* 97 Wash. 27, 165 Pac. 1078. Nor by such method of appropriation. *State ex rel. Mason County. Power Co. v. Superior Court,* 99 Wash. 496, 169 Pac. 994; *Id.,* 102 Wash. 291, 173 Pac. 19.

It was also a proper procedure to determine, as a preliminary question, whether appellants had any legal rights or claim in or to section 16, or in the waters of the Skokomish river.

"The question of title was preliminary to the submission to the jury, and that issue should have been made and determined by the court prior to the submission of the question of damages." *Bellingham Bay & B. C. R. Co. v. Strand,* 14 Wash. 144, 44 Pac. 140.

"If their claim was valid, they were entitled to the value of the land taken. If their claim was invalid and they had no interest, they were entitled to nothing." *Tacoma v. Gillespie,* 82 Wash. 487, 144 Pac. 697.

Concluding, as we do, that appellants had no rights or interests to condemn in the respondent's proceeding, it is not necessary to discuss here the question of public use and necessity.

The judgment is affirmed.

PARKER, C. J., MAIN, BRIDGES, MITCHELL, TOLMAN, and HOVEY, JJ., concur.