[18235. Department Two. March 29, 1924.]

*In re Condemnation for*
SKAGIT RIVER TRANSMISSION SYSTEM.
THE CITY OF SEATTLE, *Appellant,* v. JOSEPH FRITSCH
*et al., Respondents.*[1]

EMINENT DOMAIN (45)—PROCEEDINGS—QUESTIONS DETERMINED—
TITLE—GRANT OF EASEMENT—RIGHT TO JUDGMENT. A perpetual ease-
ment to a city, providing that, in case of condemnation proceedings
for the purpose of perfecting title, the grantor agrees that a verdict
and judgment for $1.00 may be entered as full compensation, en-
titles the city to the judgment accordingly as against the grantors,
notwithstanding others may be interested in the property.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered June 16, 1923, in
favor of the defendants, dismissing condemnation pro-
ceedings, tried to the court. Reversed.

*Thomas J. L. Kennedy, J. Ambler Newton,* and *A. V.
Van Soelen,* for appellant.

*C. T. Roscoe* and *M. H. Forde,* for respondents.

PEMBERTON, J.—Appellants instituted condemnation
proceedings in the superior court of Snohomish county
to condemn certain property rights for its right of way
for an electric transmission system connecting its
power plant in Whatcom county, Washington, with the
city of Seattle. In a former appeal, *Seattle v.
Faussett,* 123 Wash. 613, 212 Pac. 1085, we held that
the city could take less than a fee to the property con-
demned. There are five hundred and seventy-seven
separate tracts of land and over six hundred parties
defendant. It is alleged that the parties named are all
persons having an interest in the property as far as
known to the officers of appellant, or appear of record

[1]Reported in 224 Pac. 385.

in the county auditor's office of Snohomish county. Joseph Fritsch and Effie M. Fritsch are the owners of the northeast quarter of the northwest quarter and the southwest quarter of the northwest quarter of sec. 12, township 32 north, range 9 east, described in the petition. Personal service was had upon Joseph Fritsch and Effie M. Fritsch, his wife, and thereafter an order of default entered. On March 25, 1923, the order adjudicating public use was signed and filed. On June 22, 1922, Joseph Fritsch and Effie M. Fritsch, his wife, granted to the appellant a perpetual easement over the above property, containing the following stipulation:

"Should the grantee herein, for the purpose of perfecting its title hereto, institute a condemnation proceeding, the grantor agrees that a verdict and judgment may be entered therein in the sum of one dollar ($1.00) as full compensation for the above property rights and as costs."

At the trial, the grant of easement was admitted in evidence and appellant asked for a directed verdict in the amount of one dollar, together with the sum of five dollars theretofore paid upon the execution and delivery of the easement agreement. The court refused to grant the motion for a directed verdict on the ground that the judgment would convey no greater title than that granted by the easement, and that there might be other persons interested in the land not parties to the stipulation, and on its own motion dismissed the case as to the property of the respondent Fritsch and wife.

It is claimed by appellant that the condemnation action is one *in rem* for the taking of the property without reference to the conflicting interests of the individual claimants, and for its payment as provided by the constitution. *Gasaway v. Seattle*, 52 Wash. 444, 100 Pac. 991, 21 L. R. A. (N. S.) 68; *Carton v. Seattle*,

66 Wash. 447, 120 Pac. 111.   It is stated by the appellant:

"Had there been a stipulation between the parties fixing the amount of the just compensation to be paid and providing for immediate possession, in place of the grant of easement, the right of the petitioner to have judgment entered upon the merits would not be qustioned, and it would not alter the situation were the money paid to the owner before the trial.   The only difference between the procedure actually followed and the one referred to is one of form and not of substance. The consideration in the grant of easement, together with the sum of one dollar ($1.00) make the amount of the just compensation agreed upon.   The conveyance of the title by the owners to the city is the agreement as to immediate possession."

It is also contended that it is proper to quiet title in condemnation proceedings, relying upon the following authorities:   *Bellingham Bay & B. C. R. Co. v. Strand,* 14 Wash. 144, 44 Pac. 140; *Tacoma v. Gillespie,* 82 Wash. 487, 144 Pac. 697; *Tacoma v. Mason County Power Co.,* 121 Wash. 281, 209 Pac. 528; *Ketchum Coal Co. v. District Court of Carbon County,* 48 Utah 342, 159 Pac. 737, 4 A. L. R. 619.

We see no reason why appellant should be prevented from having judgment entered in its favor in this case even though the grant of easement was secured prior to the beginning of the action in condemnation.   The mere execution of the easement is not conclusive of the rights of appellant to the property in question.   A dispute thereafter may arise as in *Westberg v. Seattle,* 126 Wash. 187, 217 Pac. 1002, and it is entirely proper in the condemnation proceedings to have these questions finally determined.   Fritsch and wife were duly served with summons and were given the opportunity to resist the claim and right of appellant under the grant of easement.   In fact, the grant of easement

itself expressly provides for the entry of the judgment requested.

The trial court should have granted the motion of appellant for an instructed verdict. The case is reversed and remanded with directions to proceed as above indicated.

MAIN, C. J., MITCHELL, and BRIDGES, JJ., concur.